## WATSON v. STATE OF MARYLAND.

### ERROR TO THE COURT OF APPEALS OF THE STATE OF MARYLAND.

No. 174. · Argued April 27, 1910.—Decided May 31, 1910.

The decision of the state court that an offense under a statute did not depend on conditions as to notice contained in another statute is conclusive on this court; and one convicted in a state court is not denied due process of law by reason of such construction.

The police power of the State particularly extends to regulating trades and callings concerning public health, and practitioners of medicine are properly subject to police regulation, the details of which are primarily with the legislature and are not to be interfered with by the Federal courts so long as fundamental constitutional rights are not violated. *Dent* v. *West Virginia*, 129 U. S. 114.

Classification will not render a state police statute unconstitutional as denying equal protection of the law so long as there is a reasonable basis for such classification; nor will exceptions of specified classes render the law unconstitutional unless there is no fair reason for the law that would not equally require its extension to the excepted class. *Williams* v. *Arkansas*, 217 U. S. 79.

The medical registration law of Maryland (art. 43, § 83, Code of 1904) is not unconstitutional as denying equal protection of the law because its provisions do not apply to those who practiced prior to a specified date and treated at least twelve persons within a year prior thereto, or because it does not apply to gratuitous services, or to physicians in hospitals, none of the exceptions being unreasonable. 105 Maryland, 650, affirmed.

THE facts, which involve the constitutionality of the statute of Maryland relative to registration of medical practitioners in that State, are stated in the opinion.

*Mr. Charles G. Watson* for plaintiff in error.

*Mr. Isaac Lobe Straus*, Attorney General of the State of Maryland, for defendant in error, submitted.

MR. JUSTICE DAY delivered the opinion of the court.

The plaintiff in error was convicted in the Circuit Court of Allegany County, Maryland, for a violation of § 99 of article 43 of the Maryland Code of 1904, for the offense of practicing medicine in the State of Maryland without being registered in accordance with the provisions of §§ 83 and 89 of the same article. The Maryland act in question, requiring registration of physicians, provides a comprehensive system for the regulation of the practice of medicine and surgery, and, concerning the necessity of registration, enacts (Art. 43; § 83):

"All persons, except physicians who were practicing medicine in this State prior to the first day of January, 1898, who are now practicing medicine or surgery and can prove by affidavit that within one year of said date said physician had treated in his professional capacity at least twelve persons, who shall commence the practice of medicine or surgery in any of their branches after the eleventh day of April, 1902, shall make a written application for license to the president of either board of medical examiners," etc.

The statute requires proof of good moral character, certain school education, and makes provision as to the effect of diplomas from certain medical colleges, and as to other and various details required of an applicant for the practice of medicine or surgery.

The judgment of conviction was affirmed by the Court of Appeals of Maryland (105 Maryland, 650), and the case is brought here to review that judgment, because of alleged violation of certain rights secured to the plaintiff in error by the Federal Constitution. The first of these grounds concerns § 80 of the same act, which provides for the sending of notice to physicians practicing in the State without being legally registered, and further providing that those physicians being entitled to register, and yet

have failed to comply at the expiration of four months from the election of the secretary-treasurer of the board, shall be prosecuted; and that no one after the eleventh day of April, 1902, shall be allowed to practice medicine or surgery without being duly registered according to the provision of the subtitle.

The contention of the plaintiff in error is that there being no charge in the indictment, nor proof in the case, that he was furnished with this notice, his conviction was without due process of law. But the Court of Appeals of Maryland, examining this question, determined that § 99, under which the indictment was prosecuted, making it a misdemeanor to attempt to practice medicine in the State of Maryland without registration, was not subject to the limitations of § 80, relating to the sending of the notice, etc.

The offense, the Court of Appeals held, was created solely by § 99 in broad and general language, without exceptions or qualification, and that for conviction under that section it was not essential to prove the sending of the notice required by § 80. This construction of the Maryland statute is conclusive upon us. The accused had a trial before a court and jury under the statutes of Maryland, was proceeded against under the forms provided for by the laws of that State, and under a statute which the highest court of the State has held completely defined the offense without resorting to the necessity of notifying unregistered physicians before they became liable for the penalties of the act for practicing without registration. The contention that the conviction in this aspect was without due process of law under the Federal Constitution cannot be sustained.

It is next contended that § 83 violates the Federal Constitution, in the Fourteenth Amendment thereof, in denying to the plaintiff in error the equal protection of the laws, in that it makes unreasonable and arbitrary

distinctions in its classification of physicians, including some and excluding others, and in making unreasonable omissions of certain classes from the requirements of the act, as shown in the exemption of certain classes from its requirements. It is contended that to except from the provisions of the act the physicians who were practicing medicine in the State prior to the first day of January, 1898, who at the time of the passage of the act were practicing medicine or surgery, and who could prove by affidavit that within one year of said date they had treated at least twelve persons in their professional capacity, is an unreasonable and arbitrary classification, resulting in the exclusion from the exception of physicians of equal merit and like qualifications with those who are within its terms.

It is too well settled to require discussion at this day that the police power of the States extends to the regulation of certain trades and callings, particularly those which closely concern the public health. There is perhaps no profession more properly open to such regulation than that which embraces the practitioners of medicine. Dealing, as its followers do, with the lives and health of the people, and requiring for its successful practice general education and technical skill, as well as good character, it is obviously one of those vocations where the power of the State may be exerted to see that only properly qualified persons shall undertake its responsible and difficult duties. To this end many of the States of the Union have enacted statutes which require the practitioner of medicine to submit to an examination by a competent board of physicians and surgeons, and to receive duly authenticated certificates showing that they are deemed to possess the necessary qualifications of learning, skill and character essential to their calling. In *Dent* v. *West Virginia*, 129 U. S. 114, the subject is elaborately considered, and this view affirmed by Mr. Justice Field, speaking for the court.

In such statutes there are often found exceptions in favor of those who have practiced their calling for a period of years.  In the *Dent Case, supra,* an exception was made in favor of practitioners of medicine who had continuously practiced their profession for ten years prior to a date shortly before the enactment of the law.  Such exception proceeds upon the theory that those who have acceptably followed the profession in the community for a period of years may be assumed to have the qualifications which others are required to manifest as a result of an examination before a board of medical experts.  In the statute under consideration the excepted class were those who had practiced before the first day of January, 1898, being more than four years before the passage of the law, and who could show, presumably with a view to establishing that they were actively practicing at that time, that they had treated at least twelve persons within one year of that date.

Conceding the power of the legislature to make regulations of this character, and to exempt the experienced and accepted physicians from the requirements of an examination and certificate, the details of such legislation rest primarily within the discretion of the state legislature. It is the lawmaking body, and the Federal courts can only interfere when fundamental rights guaranteed by the Federal Constitution are violated in the enactment of such statutes.

This subject has been so frequently and recently before this court as not to require an extended consideration. The right to regulate occupations was considered by this court at the present term in the case of *Williams* v. *The State of Arkansas,* 217 U. S. 79, in which it was held that a state statute which prohibited a certain class of drumming or soliciting of business on trains did not amount to a denial of the equal protection of the law.  In that case the recent cases in this court were reviewed and fol-

lowed. It was therein held that regulations of a particular trade or business essential to the public health and safety are within the legislative capacity of the State in the exercise of its police power, and that unless such regulations are so unreasonable and extravagant as to interfere with property and personal rights of citizens, unnecessarily and arbitrarily, they are within the power of the State; and that the classification of the subjects of such legislation, so long as such classification has a reasonable basis and is not merely arbitrary selection without real difference between the subjects included and those omitted from the law, does not deny to the citizen the equal protection of the laws. Applying these tests, we see nothing arbitrary or oppressive in the classification of physicians subject to the provisions of this statute which excludes from its requirements those who have practiced prior to January 1, 1898, and were able to show that they had treated at least twelve persons in a professional way within a year of that date.

But it is insisted that undue discrimination is shown and equal protection of the law denied in the exceptions of the statute provided for in Art. 43, § 101, of the code. These exceptions are contained in the following portions of that section:

". . . but nothing herein contained shall be construed to apply to gratuitous services, nor to any resident or assistant resident physician or students at hospitals in the discharge of their hospital or dispensary duties, or in the office of physicians, or to any physician or surgeon from another State, Territory or District in which he resides when in actual consultation with a legal practitioner of this State or to commissioned surgeons of the United States Army or Navy or Marine Hospital Service, or to chiropodists, or to midwives, or to masseurs or other manual manipulators, who use no other means; nor shall the provisions of this subtitle apply to physicians or sur-

geons residing on the borders of a neighboring State, and duly authorized under the laws thereof to practice medicine or surgery therein, whose practice extends into the limits of this State: *Provided,* That such practitioners shall not open an office or appoint places to meet their patients or receive calls within the limits of this State without complying with the provisions of this subtitle: *Provided,* That the same privileges be accorded to licensed physicians of this State: *Provided, further,* That nothing in this subtitle shall annul any of the provisions of article 32, title 'Dentistry,' nor shall apply to any registered graduate of dental surgery now practicing in the State of Maryland, with the sign titles: Dentist, Surgeon Dentist, Dental Surgeon or Stomatologist."

The Court of Appeals of Maryland contented itself on this branch of the case with a reference to its former decisions as to certain of the exceptions, and as to the others with the expression of the opinion that all of them came within the discretion vested in the legislature in the exercise of the police power to make regulations for the public health and safety. We shall not take occasion to consider each of these exceptions. A reading of them makes it manifest that they are not without reason. Before a law of this kind can be declared violative of the Fourteenth Amendment as an unreasonable classification of the subjects of such legislation because of the omission of certain classes, the court must be able to say that there is "no fair reason for the law that would not require with equal force its extension to others whom it leaves untouched." Such was the expression of this court in *Missouri, Kansas & Texas R. R. Co.* v. *May,* 194 U. S. 269, quoted with approval in *Williams* v. *Arkansas, supra.*

The stress of the argument for the plaintiff in error as to these exceptions is put upon the exemption of resident physicians, or assistant physicians, at hospitals, and students on hospital and dispensary duties. The selec-

tion of the exempted classes was within the legislative power, subject only to the restriction that it be not arbitrary or oppressive and apply equally to all persons similarly situated. We cannot say that these exceptions nullify the law. The reason for them may be that hospitals are very often the subject of state or municipal regulation and control, and employment in them may be by boards responsible to public authority under state law or municipal ordinance. Certainly the conduct of such institutions may be regulated by such laws or municipal regulations as might not reach the general practitioner of medicine. In any event, we cannot say that these exceptions are so wholly arbitrary and have such slight relation to the objects to be attained by the law as to require the courts to strike them down as a denial of the equal protection of the law within the meaning of the Federal Constitution.

Other questions are made in the record, but they do not present alleged denials of rights of a Federal character, reviewable here. We find no error in the judgment of the Court of Appeals of Maryland, and the same is affirmed.

*Affirmed.*