STATE *ex rel.* CAMPBELLE *v.* HOBBS *et al.*

(*Nashville,* December Term, 1938.)

Opinion filed Feb. 4, 1939.

Z. ALEXANDER LOOBY and W. D. HAWKINS, JR., both of Nashville, for appellant.

WALKER & HOOKER, W. M. FUQUA, and W. C. COOK, all of Nashville, for appellees.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

This is a *mandamus* suit to require the State Board of Accountancy to issue a certificate to relator Campbelle as a certified public accountant. The chancellor dismissed the bill on demurrer and the relator has appealed, and defendants have also assigned errors.

Chapter 33 of the the Public Acts of 1925 established a State Board of Accountancy, provided for the organization of that Board, and its proceedings, forbade any person to practice the business or profession of public accounting without first obtaining a certificate from the Board. In general, the Act required examinations by the Board of applicants for such certificates but examination

was waived as to persons possessing certain qualifications.

Chapter 207 of the Public Acts of 1937 undertook to waive examinations by the Board of Accountancy as to certain other persons. It was provided in the Act of 1937 "That the Board shall, upon application in writing to the Board for such certificate, waive the examination of any person who has for five years next prior to the passage of this statute been a citizen of the State of Tennessee, and has for at least three years of such five-year period been engaged in auditing or accounting work for or in any department, branch, or bureau of the State of Tennessee, or of the United States of America."

The relator sets out in the bill herein that he has been engaged in auditing and accounting continuously since June, 1923, in the Agricultural and Industrial State Teachers College, which is a department, branch or bureau of the State of Tennessee. He avers that he possesses the other qualifications of citizenship and residence in the State of Tennessee and good moral character prescribed by the original Act of 1925 for applicants for certificates as a certified public accountant. He further avers that he has advised the Board of Accountancy of his qualifications, has tendered the fee required by the Act of 1925, and demanded a certificate as a certified public accountant but that the Board has refused to issue such certificate to him.

■■ The principal argument in this court has been as to the constitutionality of chapter 207 of the Public Acts of 1937. The chancellor did not pass on the ground of demurrer raising this point but the defendants have raised the question in this court by their assignments of error. The argument is that the Act of 1937 is invalid

as violating section 8 of Article 11 of the Constitution suspending a general law for the benefit of particular individuals without a reasonable basis for the classification. We think this is a mistake. It is quite generally held in statutes regulating occupations and professions requiring those wishing to engage in such avocations to stand examination, that it is permissible to except from the examination those who have pursued the calling for a substantial length of time prior to the enactment of the law. This is not arbitrary classification. Such exceptions are sustained on the theory that those who have acceptably followed an avocation in the community for a period of years may be assumed to have the qualifications which others are required to manifest as the result of an examination. *Dent* v. *West Virgina*, 129 U. S., 114, 124, 9 S. Ct., 231, 32 L. Ed., 623; *Watson* v. *Maryland*, 218 U. S., 173, 30 S. Ct., 644, 54 L. Ed., 987; *State* v. *Randolph*, 23 Or., 74, 31 P., 201, 17 L. R. A., 470, 37 Am. St. Rep., 655; *State* v. *Sharpless*, 31 Wash., 191, 71 P., 737, 96 Am. St. Rep., 893; *State* v. *Currens*, 111 Wis., 431, 87 N. W., 561, 56 L. R. A., 252.

Exceptions like this are written into a number of statutes of this State regulating the pursuit of various avocations. Among others, in a statute regulating the practice of medicine and surgery (chapter 78, Acts 1901; Code, section 6918 *et seq.*), an exception of this sort appeared. This Act has been repeatedly upheld and enforced by this court. See *Payne* v. *State*, 112 Tenn., 587, 79 S. W., 1025; *O'Neil* v. *State*, 115 Tenn., 427, 90 S. W., 627, 3 L. R. A. (N. S.), 762, and other cases, although this particular objection to the statute seems not to have been made, nor have we heard any such objection to other regulatory Acts.

If the Act of 1937 had merely exempted from examination by the Board those persons who had for three years been engaged in auditing or accounting work generally, such exemption would doubtless not have been challenged. We think there is better reason for waiving the examination of those who have for three years past been engaged in auditing or accounting for some department, branch or bureau of the State of Tennessee. Persons so engaged for the State are under close supervision, their work is open to inspection of State auditors, legislative committees, and the public generally. They must necessarily be competent to retain their positions.

In *Watson* v. *Maryland, supra,* the statute of that State regulating the practice of medicine exempted from certain of its operations resident physicians or assistant physicians at hospitals and students on hospital and dispensary duties. The Supreme Court of the United States said of this exemption:

"The selection of the exempted classes was within the legislative power, subject only to the restriction that it be not arbitrary or oppressive, and apply equally to all persons similarly situated. We cannot say that these exceptions nullify the law. The reason for them may be that hospitals are very often the subject of State or municipal regulation and control, and employment in them may be by boards responsible to public authority under State law or municipal ordinance. Certainly the conduct of such institutions may be regulated by such laws or municipal regulations as might not reach the general practitioner of medicine." [218 U. S., 173, 30 S. Ct., 647, 54 L. Ed. 990.]

The Act of 1937 being valid, the petition herein having alleged with detail that the relator is duly quali-

fied in every respect to receive a certificate as a certified public accountant under the Act of 1925 and the Act of 1937, and the demurrer admitting the facts detailed, we think he is entitled to the writ of *mandamus* for which he prays.

In *Williams* v. *Dental Examiners*, 93 Tenn., 619, 27 S. W., 1019, the court recognized that *mandamus* was the proper remedy if the Board of Dental Examiners arbitrarily and oppressively refused the license to one entitled to practice denistry. In that case, however, the Board filed an answer denying the qualifications of the applicant, and it appearing that the Board had passed on the same, this court declined to review the Board's action.

■ ■ If it be assumed that one who has for three years been engaged in auditing or accounting work for the State of Tennessee is to be investigated with respect to moral character, nevertheless the question of moral character is a question of fact. There is an explicit averment in the petition herein that the relator is of good moral character and we are unable to see why that averment is not admitted by the demurrer as well as any other averment of fact. If there is anything against the character of the relator, we think it should have been made to appear by answer of the Board. As the case comes to us, the Board has refused without reason to issue the certificate to which relator is entitled under the allegations of the petition. They do not so much as answer that they wish to investigate relator's moral character.

The chancellor sustained that ground of demurrer making the point that the *mandamus* suit is one to require the Board to perform an act discretionary in character, namely, ''to find that the applicant for license is 'over the age of twenty-one years, and of good moral

character, residing or having an office in the State,' all of which requires the exercise of judgment or discretion, especially in determining whether or not such applicant is a person of 'good moral character.' " If all the facts which the Board is required to find, preliminary to issuance of a license, are admitted by the Board, we see no further room for the exercise of discretion.

*Mandamus* seems to be an appropriate legal remedy in the case before us and the writ will issue accordingly.

Reversed.