SYDNEY A. TABER, PROSECUTOR-RESPONDENT, v. STATE BOARD OF REGISTRATION AND EXAMINATION IN DENTISTRY OF NEW JERSEY, DEFENDANT-APPELLANT.

Argued February 3, 1948—Decided May 13, 1948.

For the prosecutor-respondent, *Brogan, Hague & Malone* (*Thomas J. Brogan*).

For the defendant-appellant, *Walter D. Van Riper*, Attorney-General, and *Joseph A. Murphy*, Assistant Deputy Attorney-General.

The opinion of the court was delivered by

CASE, CHIEF JUSTICE. Sydney A. Taber, a licensed dentist of the State of New Jersey, was, after hearing by the State Board of Registration and Examination in Dentistry of this state, found guilty of violating section 45:6–7 subdivision (h) of title 45 of the Revised Statutes (as amended *Pamph. L.* 1941, *ch.* 316; *Pamph. L.* 1945, *ch.* 193) on the ground *inter alia* that he was employed by an unlicensed manager, proprietor, operator and conductor as defined in section 45:6–19, title 45 of the Revised Statutes; and his license was suspended for six months. We have particularized that specific finding as a basis for remarks that follow. The cited statute, in subdivision (h), provides in part as follows:

"Any license to practice dentistry may be revoked or suspended by the board upon proof to its satisfaction that the licensee:

162

\*　　\*　　\*　　\*　　\*　　\*　　\*

"h. Has been employed by an unlicensed manager, proprietor, operator or conductor as defined in section 45:6–19 of this Title \* \* \*."

There are other, but severable, provisions in subdivision "h." We find it unnecessary, for the purposes of this decision, to pass upon their constitutionality. *R. S.* 45:6–19 (as amended *Pamph. L.* 1941, *ch.* 316; *Pamph. L.* 1942, *ch.* 38), referred to in the above enactment, provides:

"The terms manager, proprietor, operator or conductor as used in this chapter shall be deemed to include any person who

"(1) Employs operators or assistants; or

"(2) Places in the possession of any operator, assistant, or other agent such dental material or equipment as may be necessary for the management of a dental office on the basis of a lease or any other agreement for compensation for the use of such material, equipment or office; or;

"(3) Retains the ownership or control of dental material, equipment or office and makes the same available in any manner for the use by operators, assistants or other agents; provided, however, that the above shall not apply to *bona fide* sales of dental material or equipment secured by chattel mortgage."

The Supreme Court, on writ of *certiorari,* found that the entire subdivision (h) of *R. S.* 45:6–7, under which the suspension was had, was unconstitutional and set the suspension aside. The question which we shall answer is whether a license to practice dentistry may constitutionally be revoked upon a justified finding that the licensee submits to employment as a practicing dentist by an unlicensed person within the category of *R. S.* 45:6–19. We shall not undertake to analyze the various circumstances which would bring an employer within the purview of that section. It will be comprehensive if we assume that the legislation makes it a ground for revocation of license if the licensee undertakes to be employed as a dentist by one who is not licensed to practice the profession of dentistry.

The statute also provides:

*R. S.* 45:6–13. "No person shall practice dentistry within the meaning of this chapter unless licensed so to do  \*  \*  \*;" and,

*R. S.* 45:6–19. "Any person shall be regarded as practicing dentistry within the meaning of this chapter  \*  \*  \* who is manager, proprietor or conductor of a place where dental operations are performed  \*  \*  \*."

The constitutionality of the latter statutory provisions is not disputed. It could not well be, for the restrictions so imposed upon personal liberty of actions are within the police power of the state to provide for the general welfare of its people and to that end to prescribe all such regulations as in its judgment will secure or tend to secure them against the consequences of ignorance and incapacity as well as of deception and fraud. The practice of dentistry has points of close contact with that of medicine which has long been the subject of careful supervision and control. *Cf. Dent* v. *West Virginia,* 129 *U. S.* 114; 32 *L. Ed.* 623; 9 *Sup. Ct. Rep.* 231; *Hawker* v. *New York,* 170 *U. S.* 189; 42 *L. Ed.* 1002; 18 *Sup. Ct. Rep.* 573; *Reetz* v. *Michigan,* 188 *U. S.* 505; 47 *L. Ed.* 563; 23 *Sup. Ct. Rep.* 390; *Watson* v. *Maryland,* 218 *U. S.* 173; 54 *L. Ed.* 987; 30 *Sup. Ct. Rep.* 644; *Collins* v. *Texas,* 223 *U. S.* 288; 56 *L. Ed.* 439; 32 *Sup. Ct. Rep.* 286; *McNaughton* v. *Johnson,* 242 *U. S.* 344; 61 *L. Ed.* 352. Since it is within the power of the state to provide that no unlicensed person shall be the manager, proprietor or conductor of a dental office, it seems to us to be also within the power of the state to provide, conversely, that a licensed dentist shall not be employed in a dental office by an unlicensed manager, proprietor or conductor (*Cf. McMurdo* v. *Getter* (*Mass.*), 10 *N. E. Rep.* (*2d*) 139) and to enforce that prohibition by revoking or suspending the license of an offending licensee.

We conclude that so much of *R. S.* 45:6–7 (h) as we have quoted above is constitutional. Inasmuch as the remaining parts of subdivision (h) are severable, the condemnation of the entire subdivision as invalid was, regardless of the aspect of those other parts, error. *Metzler* v. *Belcher,* 125 *N. J. L.* 183, and cases there cited. Whether or not the facts as disclosed in the testimony are to be resolved as coming within

any part of the subsection, and, if so, which, remains undecided. The court below did not determine any of the questions of fact, although the statute, *R. S.* 45:6–9, directs that "in case the action of the board in revoking or suspending any license shall be reviewed by writ of *certiorari,* the court shall determine questions of fact as well as of law * * *;" the Supreme Court should, in accordance with the statute and the rules and practice of that court, determine such questions of fact as are relevant to the determination of guilt and upon such determination decide the questions of law applicable thereto.

The judgment below will be reversed, and the record will be remanded to the Supreme Court for the purposes stated; costs to abide the event.

*For affirmance*—None.

*For reversal*—The Chancellor, Chief Justice, Donges, Heher, Eastwood, Burling, Wells, Dill, Freund, McLean, Schettino, JJ. 11.