William M. DITULLIO

v.

**STATE BOARD OF EXAMINERS OF PSYCHOLOGISTS.**

Supreme Judicial Court of Maine.

June 23, 1978.

Gross, Minsky, Mogul & Singal, P.A. by Nathan Dane, III (orally), George Z. Singal, Bangor, for plaintiff.

David M. Roseman, Thomas E. Geyer (orally), Asst. Attys. Gen., Augusta, for defendant.

Before DUFRESNE, C. J., and POMEROY, WERNICK, ARCHIBALD, DELAHANTY and GODFREY, JJ.

GODFREY, Justice.

Appellant Ditullio applied for a license as a registered psychologist from appellee, the State Board of Examiners of Psychologists. The Board refused to issue the license and appellant challenged the denial in Superior Court, which gave judgment for the Board on cross-motions for summary judgment.

A brief summary of the essential facts follows: Appellant has a master's degree in psychology and additional experience and graduate training. In 1973, he received a license as a psychologist from the Commonwealth of Massachusetts where, though lacking a doctorate, he qualified for licensure under the grandfather provision of the 1971 Massachusetts statute. In 1974, he applied for a license as a registered psychologist from the Maine Board. Appellant complied in all respects with the application procedure and passed the Board's written examination with a score above the minimum required for psychologists. He was apparently eligible for a license in all respects but one: he lacked a doctoral degree in psychology or a closely allied field.

The Board refused to license appellant because he lacked a doctoral degree. Appellant challenges the Board's decision on the ground that he was entitled to a license under the Maine reciprocity provision. In addition, he asserts a due process challenge to the provision of the Maine statute requiring a doctoral degree as a prerequisite for a psychologist's license.

Since 1968 the Maine licensing statute has required that a candidate for a license as a registered psychologist must have a doctoral degree in psychology or a closely allied field. 32 M.R.S.A. § 3831(2).

The Board denied appellant a license because, as he stated in his application, he held only a master's degree. Appellant asserts that although he does not have a doctoral degree, he is entitled to a license under the reciprocity provision of the statute. Section 3836 of title 32 provides, in part

"The board may, at any time at its discretion, grant a certificate without an assembled examination to any person residing or employed in the State who at the time of application is licensed or certified by a similar board of another state whose standards, in the opinion of the board, are not lower than those required by this chapter. . . ."

This provision merely authorizes waiver of examination in certain cases. Nothing in the provision gives the Board authority to waive the other requirements for licensure. Thus, even if appellant qualifies for the benefits of the provision, he merely gets the right to avoid taking the examination which he says he has already passed. The licensing standards require that candidates have a doctorate, and the Board is given no authority to waive that requirement. Appellant had no doctorate and therefore the Board's denial of the license application was proper under the statute.

Appellant also claims that requiring a doctorate for licensure as a psychologist deprives him of liberty and property without due process of law. He argues that this requirement creates an irrebuttable presumption that persons who do not have a doctorate are not competent to practice psychology and that this presumption is contrary to fact in his case. Appellant asks that he be given an opportunity to show that he is competent even though he does not have a doctorate and that he be given a license if he is successful in proving his competence.

Several Supreme Court cases have invalidated statutory standards and governmental regulations based on the Court's finding that the standards created irrebuttable presumptions that were contrary to fact.

*Cleveland Board of Education v. LaFleur,* 414 U.S. 632, 94 S.Ct. 791, 39 L.Ed.2d 52 (1974); *Vlandis v. Kline,* 412 U.S. 441, 93 S.Ct. 2230, 37 L.Ed.2d 63 (1973); *Stanley v. Illinois,* 405 U.S. 645, 92 S.Ct. 1208, 31 L.Ed.2d 551 (1972). In these cases, the Supreme Court reasoned that the standard was contrary to fact in a substantial number of cases and that important interests of the citizen were burdened by the standard. Under those circumstances the government was required to make individualized determinations.

■ Appellant has not shown that the standard in this case is contrary to fact in a substantial number of cases. He offers only to show that the standard is contrary to fact in his case. Furthermore, the right to practice a profession has long been the subject of regulation, and imposition of minimum educational requirements for such practice has long been approved. *Crane v. Johnson,* 242 U.S. 339, 37 S.Ct. 176, 61 L.Ed. 348 (1917); *Collins v. Texas,* 223 U.S. 288, 32 S.Ct. 286, 56 L.Ed. 439 (1912); *Watson v. Maryland,* 218 U.S. 173, 30 S.Ct. 644, 54 L.Ed. 987 (1910). Appellant does not argue that the degree requirement of the Maine statute is unrelated to competence. Rather, he urges that it is inappropriate in its application to his case. However, the Constitution does not require perfection in establishing statutory standards. *Dandridge v. Williams,* 397 U.S. 471, 90 S.Ct. 1153, 25 L.Ed.2d 491 (1970). The standard is not constitutionally invalid merely because in one isolated case it might not achieve its purpose of assuring some minimum level of professional competence.

The entry is:

Appeal denied.

Judgment affirmed.

DUFRESNE, A. R. J., sat at oral argument as Chief Justice, but retired prior to the preparation of the opinion. He has joined the opinion as Active Retired Justice.