[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 15, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-11252
Non-Argument Calendar

_____

D. C. Docket No. 06-00428-CV-4-RH-WCS

BEVERLY BETANCUR,

Plaintiff-Appellant,

versus

STATE OF FLORIDA DEPARTMENT OF HEALTH,
TIMOTHY M. CERIO,
General Counsel,
DR. M. RONY FRANCOIS,
In his official capacity as Secretary of the
Department of Health,
WILLIAM N. MEGGS,
In his official capacity as State Attorney for the
State of Florida,
DOCTOR ANA M. VIAMONTE ROS,
In her official capacity as Secretary of the
Department of Health,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

**(Octboer 15, 2008)**

Before ANDERSON, HULL and PRYOR, Circuit Judges.

PER CURIAM:

Beverly Betancur appeals the dismissal of her complaint for failure to state a

claim regarding the denial of her application for a license to practice naturopathy.

We affirm.

## I. BACKGROUND

Betancur applied to the Florida Department of Health in 2004 for a license to

practice naturopathy.  After the Department of Health denied Betancur's

application, Betancur founded the Naturopathic National Council in Connecticut.

The Council purported to be "a national licensing agency."

Two years after incorporation, the Council registered its name as a

trademark.  The Council issued a document stating that Betancur was "nationally

licensed" as a "Doctor of Naturopathy, N.D."  Betancur, as the Chief Executive

Officer of the Council, demanded that the Health and Human Services

Appropriations Committee of the Florida Senate "cease and desist" its use of the

2

title "Doctor of Naturopathy." Betancur asserted "exclusive rights" to the titles "Doctor of Naturopathic Medicine" and "Doctor of Naturopathy, N.D." Betancur also declared that the Council held the trademark to "Naturopathic National Council, Inc."

State health officials Rony Francois, Timothy Cerio, and Dr. Ana Viamonte Ros told Betancur that Florida ceased the licensing of naturopaths in 1959, see Fla. Stat. § 462.023, with the exception of seven individuals allowed to practice under a grandfather statute, see id. § 462.2001, and the practice of naturopathy without a state license is a third degree felony, see id. § 462.17(5). Betancur responded that the Council had exclusive authority to license naturopaths; Florida could not prevent a naturopath from practicing; and the naturopaths who practiced under the grandfather statute held fraudulent licenses. The Council later purportedly licensed several naturopaths, including Jose Canas, a Florida citizen.

Betancur filed a complaint against the Department of Health, Cerio, Dr. Viamonte Ros, and State Attorney William Meggs. In her third amended complaint, Betancur sought a declaratory judgment to determine "whether or not under the Supremacy Clause . . . a federal trademark pre-empts an inconsistent state statute or regulation." Betancur alleged that Florida violated the Thirteenth Amendment "by forcing [her] and traditional naturopaths . . . into involuntary

3

servitude by forcing them out of their profession."  Betancur also alleged that the Florida officials "caused trade identity confusion" by using the "trademarked title Doctor of Naturopathy, N.D. or its derivatives," see 15 U.S.C. § 1125(a), and violated her rights under the Tenth and Fourteenth Amendments by denying her a license to practice naturopathy, see 42 U.S.C. § 1983.

The officials moved to dismiss the complaint, and the district court granted the motion.

## II. STANDARD OF REVIEW

We review de novo the dismissal of a complaint for failure to state a claim. Phoenix of Broward, Inc. v. McDonald's Corp., 489 F.3d 1156, 1161 (11th Cir. 2007).  We accept the allegations in the complaint as true and construe them in the light most favorable to the plaintiff.  Id.

## III. DISCUSSION

Betancur argues that, when the Council trademarked its name to "issue[] occupational licenses to traditional naturopaths," the Council acquired exclusive rights to license naturopaths and to confer the title "Doctor of Naturopathy, N.D." She argues that her trademark preempts the authority of Florida to regulate the practice of naturopathy and the continued licensing of several naturopaths violates her trademark.  Betancur also argues that Florida officials violated her civil rights.

4

These arguments fail.

States retain the police power to regulate professions, such as the practice of medicine. Watson v. State of Maryland, 218 U.S. 173, 176, 30 S. Ct. 644, 646 (1910) (recognizing the authority of the states to regulate the practice of medicine). Betancur offers no rational argument that her ownership of the mark "Naturopathic National Council, Inc." preempts the authority of Florida to regulate and license the practice of naturopathy. Betancur's complaint of trademark infringement, which is based on her argument that the Council has the exclusive right to regulate the practice of naturopathy, also is meritless.

Betancur's complaint that Florida violated her civil rights also fails. The licenses given to several individuals to practice naturopathy under a grandfather clause, Fla. Stat. § 462.2001, is not an arbitrary or unreasonable regulation that violated Betancur's right to equal protection. See Watson, 218 U.S. at 173, 30 S. Ct. at 646 (exemption for physicians who had six years of practice from registration did not violate equal protection rights of less experienced physicians). Betancur has no right under Florida law to be granted a license and has no liberty or property interest protected by due process. See Grayden v. Rhodes, 345 F.3d 1225, 1232 (11th Cir. 2003). Betancur's final argument that the refusal to license naturopaths deprives her of the opportunity to pursue her livelihood does not, as

5

she contends, implicate the Thirteenth Amendment, which prohibits forced servitude. United States v. Kozminski, 487 U.S. 931, 942, 108 S. Ct. 2751, 2760–61 (1988).

## IV. CONCLUSION

The dismissal of Betancur's complaint is **AFFIRMED**.

6