GOLDSMITH v. CLABAUGH et al.*

(Court of Appeals of District of Columbia. Submitted April 7, 1925. Decided May 4, 1925. Motion for Modification of Judgment Denied May 9, 1925.)

No. 4256.

1. Licenses ⬧⇒20—New York certified public accountant cannot be registered without examination.

General Business Law N. Y. § 80, declaring certified public accountant registered in another state, who has practiced for three years, entitled to registration without examination, does not extend to accountants registered in District of Columbia a privilege similar to privilege extended to accountants registered in other states, by Act Feb. 17, 1923, so as to permit registration without examination of one registered in New York.

2. Licenses ⬧⇒20—Statute regulating practice of public accountancy should not be so administered as to prevent practice by capable and deserving applicants.

Act Feb. 17, 1923, regulating public accountancy, though designed to protect public, should not be construed or administered in such manner that capable and deserving applicants are denied right to practice.

3. Licenses ⬧⇒21—Board may not arbitrarily or capriciously exercise its discretion in matter of registering public accountants.

Though question whether applicant for registration as certified public accountant is entitled to certificate is addressed to discretion of board, acting under Act Feb. 17, 1923, board's exercise of that discretion must not be arbitrary or capricious.

4. Licenses ⬧⇒22—Applicant for registration as certified public accountant is entitled to be heard in answer to evidence considered by board affecting his application.

Under Act Feb. 17, 1923, §§ 1, 2, 7, applicant for registration as certified public accountant is entitled to be informed as to everything considered by board affecting his application, and given full opportunity to present relevant evidence prior to final hearing on such application, though not entitled to inspection of files of other applicants.

Appeal from Supreme Court of District of Columbia.

Petition by H. Ely Goldsmith, certified public accountant of the state of New York, for writ of mandamus to be directed to William Clabaugh and others, as members of and constituting the Board of Accountancy for the District of Columbia. From a judgment for defendants, plaintiff appeals. Affirmed.

Mark Stearman and Henry Stearman, both of Washington, D. C., for appellant.

Peyton Gordon and V. E. West, both of Washington, D. C., for appellees.

*Certiorari denied 46 S. Ct. 18, 69 L. Ed. ——.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice. Appeal from a judgment for the defendants in the Supreme Court of the District of Columbia on petition for mandamus and answer thereto, to which answer a demurrer was interposed.

By the Act of February 17, 1923 (42 Stat. 1261), there was created "a board of accountancy for the District of Columbia." Section 1 of that act prohibits any person, who has not received from the board "a certificate of his qualifications to practice as a public accountant," from assuming the title of "certified accountant" or any abbreviation thereof. Section 2 defines a public accountant "as a person skilled in the knowledge and science of accounting, who holds himself out to the public as a practicing accountant for compensation," etc. By section 3 there is created a board of accountancy, consisting of three members, appointed by the commissioners of the District of Columbia. This section further provides that "the board shall organize by the election of a president and a secretary and a treasurer, and may make all rules and regulations necessary to carry into effect the purposes of this act."

Section 4 prohibits the granting of a certificate to any person other than a citizen of the United States or who has not declared his intention of becoming such, or who is not of good moral character. The applicant must be a graduate of a high school or possess equivalent education, or be one who, "in the opinion of the board, has had sufficient commercial experience in accounting," etc. Section 5 requires "that all examinations provided for herein shall be conducted by the board." Section 6 authorizes the board, "in its discretion," to waive an examination and issue a certificate as certified public accountant "to any person possessing the qualifications mentioned in section 4 of this act who is the holder of a certificate as certified public accountant issued under the laws of any state or territory which extends similar privilege to certified public accountants of the District of Columbia, provided the requirements for such certificate in the state or territory which has granted it to the applicant are, in the opinion of the board, equivalent to those herein required. * * *"

Section 7 authorizes the revocation of a certificate "for unprofessional conduct or other sufficient cause: Provided, that notice of the cause for such contemplated action and the date of the hearing thereon by the

board shall have been mailed to the holder of such certificate at his or her registered address at least twenty days before such hearing. No certificate issued under this act shall be revoked until the board shall have held such hearing, but the nonappearance of the holder of any certificate, after notice as herein provided, shall not prevent such hearing. * * * " Section 8 relates to fees to be charged by the board, and by section 9 a penalty is provided for practicing without a certificate or after revocation thereof.

In his petition the plaintiff based his right to a certificate upon the fact that he held a certificate as certified public accountant pursuant to section 80 of the General Business Law of the state of New York (Consol. Laws N. Y. c. 20), and alleged that this law "provides for similar privileges to Certified Public Accountants of the District of Columbia." Plaintiff further alleged therein that he had made application to the board in the District of Columbia for permission to examine his "application and other papers on file with reference to petitioner's application," and that this request had been refused. He also alleged that he had made similar application respecting all the applications on file with the board, which request likewise had been refused.

In their answer the defendants raised no question as to the citizenship, moral character, or education of the plaintiff, but did challenge the averment that the New York law relied upon extends similar privileges to certified public accountants of the District of Columbia. Answering the averment that plaintiff had been denied the privilege of inspecting his own application and other papers on file with reference to it, the defendants alleged that they had offered to furnish him a copy of his application, but admitted that they had refused to exhibit either the original application or the other papers on file pertaining to it; the answer alleging that these had become "a part of the confidential files" of the board, and further "that, for the proper and efficient discharge of their duties as constituting the board of accountancy for the District of Columbia, it is necessary that they should so conduct the work of said board as to be in position to obtain as full information as possible in regard to the various applicants who may file applications with them, so as to act advisedly in granting or refusing such applications, and that, if they may be required by any applicant to disclose any matters in the files relating to his application, or to exhibit to him any of the papers or documents connected therewith,

they would thereby hamper themselves greatly in obtaining the information so necessary in regard to the various applicants, and would be able to render less useful and efficient service as the board of accountancy for the District of Columbia. These respondents are further advised and believe, and therefore aver, that the communications received by them from time to time in relation to various applicants who have filed applications with them for certificates as certified public accountants are confidential and privileged in character, and that it is the duty and obligation of these respondents to respect the confidential and privileged character thereof."

It is unnecessary to state the answer of the defendants to the statement of the plaintiff that he had been denied access to all other applications on file. The court below overruled a demurrer to the answer and dismissed the petition, on the ground that the law of New York does not extend to certified public accountants of the District of Columbia a privilege similar to that accorded by the local statute. The court further ruled that the defendants had not denied the plaintiff "any right that he possesses in refusing him the access to their records."

[1] Under the New York statute upon which plaintiff relies, the holder of a certificate issued under our statute, to be entitled to registration in New York without examination, must have practiced three years under the certificate granted him here. In other words, while the holder of a New York certificate possessing the qualifications mentioned in section 4 of our statute is entitled, in the discretion of our board, to immediate registration here, without reference to the date of his registration in New York, the holder of a certificate issued by our board is not entitled to registration in New York without examination until he has practiced three years under our certificate. It therefore is apparent, without further discussion, that the New York statute does not extend a "similar privilege" to certified public accountants of the District of Columbia, within the meaning of section 6 of our statute.

The conclusion we have reached on the first point results in an affirmance of the judgment, but, in view of the importance of the second question, and to its probable recurrence in other cases, we deem it our duty to consider that question. An examination of our statute discloses that quasi judicial powers and responsibilities are conferred upon the board thereby created, similar to those conferred upon the United States Board of Tax Appeals by section 900 of the Act

of June 2, 1924 (43 Stat. 253, 336), considered by us in Goldsmith v. U. S. Board of Tax Appeals (C. C. A.) 4 F.(2d) 422, No. 4257, present term. Possessing quasi judicial powers, it necessarily follows that in its deliberations the board must conform to recognized rules of procedure; that is, regard must be had in such deliberations to due process of law.

[2] By this and similar statutes in other jurisdictions, it has been recognized that the practice of public accountancy has assumed such importance and requires such experience and special training as to warrant regulation. While these statutes are primarily designed to protect the public, they should be construed and administered in such a way that capable and deserving applicants, possessing requisite character and qualifications, may not be denied the right to gain a livelihood by practicing their calling. These considerations should be observed in according due process of law to such applicants. Whispered gossip and undisclosed charges and suspicions find no place in this connection.

In Garfield v. U. S., 32 App. D. C. 153, a proceeding before Department of the Interior for disbarment of an attorney, testimony had been taken by the department without notice to the attorney and no copies given him. The court, defining due process of law, said: "Due process of law in such cases requires specific charges, due notice of the same, an opportunity to make specific answers to them, an opportunity to cross examine the witnesses in support of them, an opportunity to adduce testimony in contradiction of them, and an opportunity for argument upon the law and facts." See, also, Hitchcock v. Smith, 34 App. D. C. 521, 529, and Turner v. Fisher, 222 U. S. 204, 208, 32 S. Ct. 37, 56 L. Ed. 165.

Section 7 of the act under consideration specifically provides that no certificate shall be revoked until "notice of the cause for such contemplated action and the date of the hearing thereon by the board" shall have been given the holder, and that "at all such hearings the corporation counsel of the District of Columbia or one of his assistants designated by him shall appear and represent the interests of the public." It is just as important that an applicant for a certificate, who brings himself within the provisions of the statute, should have notice of any charges made against him and forming any basis for the action of the board, as that the holder of a certificate should receive such notice in connection with the revocation thereof, and we think the statute clearly contemplates this, particularly the provisions of section 5 requiring that "the time and place of holding examinations shall be duly advertised for not less than three days in one daily newspaper published in the District of Columbia," plainly indicating that the examinations shall be public in all respects.

[3, 4] While the question whether an applicant is entitled to a certificate is addressed to the discretion of the board, the exercise of that discretion must not be arbitrary or capricious, but governed by recognized principles. For a board composed of public officials, as is this board, to refuse an application for a certificate for undisclosed reasons, is to violate the fundamental principles of justice and due process of law. Clearly, therefore, an applicant is entitled, prior to final ruling upon his application, to be informed as to everything to be considered by the board in his case, with full opportunity to present any relevant evidence he may wish to offer.

But it by no means follows that one applicant is entitled to consume the time of the board in inspecting the files of other applicants. The granting of a right is one thing, while the gratification of mere curiosity is quite another.

The judgment is affirmed, with costs.
Affirmed.