In the Matter of GEORGE PERPENTE, Petitioner, against PAUL MOSS, as Commissioner of Licenses of the City of New York, Respondent.

First Department, April 22, 1943.

*Vincent Tese* of counsel (*Raymond Tese* with him on the brief), for petitioner.

*Murray Sendler* of counsel (*Paxton Blair* with him on the brief; *Thomas D. Thacher, Corporation Counsel*), for respondent.

*Per Curiam.* We are in accord with the views expressed by the respondent that the application for an employment agency license did not conform to the provision of section 173 of the General Business Law in that it failed to set forth " the street and number of the building or place where the business is to be conducted." Therefore, on that ground alone, the application should be denied. If we were to restrict our ruling to that point, all that would be necessary for the petitioner to do would be to file a new application.

It cannot be disputed that the petitioner was president and apparently in control of Corporate Employment Service, Inc., at the time its license was revoked. This court in an opinion written by Mr. Justice DORE (*Matter of Corporate Employment Service, Inc.* v. *Moss*, 263 App. Div. 14) held that the revocation was proper. That conclusion was upheld by the Court of Appeals (287 N. Y. 794).

Under the provisions of section 191, subdivision 3, of the General Business Law, the respondent would be prohibited from issuing a new license to the corporation for a period of three years. It may well be that the respondent erred in stating that he had no jurisdiction to issue a license to the petitioner. However, he was well within his rights in passing upon the character and fitness of the petitioner and to consider his connection with Corporate Employment Service, Inc., and also the wrongful acts of which the corporation was guilty while petitioner was connected with it in an important if not controlling position. The petitioner was not entitled to a hearing as a matter of right since no protest was filed against the application within one week after the posting of notice in the office of the respondent. Nevertheless, a hearing was granted.

An examination of this record indicates that the determination of the respondent was correct and should be confirmed, with fifty dollars costs and disbursements to the respondent.

MARTIN, P. J., TOWNLEY, GLENNON and DORE, JJ., concur; UNTERMYER, J., concurs in result on the ground first stated in the *Per Curiam* opinion.

Determination unanimously confirmed, with fifty dollars costs and disbursements to the respondent.