In the Matter of GEORGE PERPENTE, Appellant, against PAUL
Moss, as Commissioner of Licenses of the City of New York,
Respondent.

Argued May 25, 1944; decided July 19, 1944.

**326**

*Vincent Tese* and *Raymond Tese* for appellant. I. The commissioner cannot deny a license without a hearing and without proper proof of bad character of the applicant. (*People ex rel. Armstrong* v. *Warden, etc.*, 183 N. Y. 223; *Brazee* v. *Michigan*, 241 U. S. 340; *Adams* v. *Tanner*, 244 U. S. 590; *Ribnik* v. *McBride*, 277 U. S. 350; *Matter of Lyons* v. *Prince*, 281 N. Y. 557; *Matter of Small* v. *Moss*, 277 N. Y. 501; *Matter of Rucinski* v. *City of Schenectady*, 249 App. Div. 344; *Goodman* v. *Moss*, 43 N. Y. S. 2d 381; *Matter of Executive Service Corp.* v. *Moss*, 256 App. Div. 345; *Matter of Corporate Employment Service* v. *Moss*, 286 N. Y. 601; *Matter of Cherry* v. *Board of Regents*, 289 N. Y. 148; *Acorn Employment Service, Inc.*, v. *Moss*, 292 N. Y. 147; *Darweger* v. *Staats*, 243 App. Div. 380; *Matter of Greenebaum* v. *Bingham*, 201 N. Y. 343; *Matter of Yates* v. *Mulrooney*, 245 App. Div. 146; *Matter of N. Y. W. S. Corp.* v. *W. Power & Control Comm.*, 257 App. Div. 590.) II. To hold

that the General Business Law gives to respondent the power to deny or grant a license at will, is to place an illegal and unconstitutional construction upon the statute. (*Panama Refining Co.* v. *Ryan,* 293 U. S. 388; *Matter of Seignious* v. *Rice,* 273 N. Y. 44; *Matter of Lyons* v. *Prince,* 281 N. Y. 557; *Acorn Employment Service, Inc.,* v. *Moss,* 292 N. Y. 147; *Goodman* v. *Moss,* 43 N. Y. S. 2d 381; *Matter of Small* v. *Moss,* 277 N. Y. 501, 279 N. .Y. 288; *Matter of Picone* v. *Moss,* 241 N. Y. 157; *Panama Refining Co.* v. *Ryan,* 293 U. S. 388; *Cowan* v. *City of Buffalo,* 247 App. Div. 591; *Forster* v. *Scott,* 136 N. Y. 577; *Morgan* v. *United States,* 304 U. S. 1.)

*Ignatius M. Wilkinson, Corporation Counsel* (*Richard L. Baltimore, Jr.,* and *James Hall Prothero* of counsel), for respondent. The prior determination denying the license is *res judicata* on this appeal. (*Matter of Perpente* v. *Moss,* 265 App. Div. 789.)

Lehman, Ch. J. The petitioner, George Perpente, on the 7th day of May, 1943, made application in writing to the Commissioner of Licenses of the City of New York for a license to conduct an employment agency. No protest was filed against the issuance of the license. The application was denied within thirty days. The petitioner then brought proceedings pursuant to article 78 of the Civil Practice Act and asked the court to " grant an order annulling the determination of respondent as Commissioner of Licenses of the City of New York refusing to issue to him an employment agent's license and for a further order directing that a license issue to him forthwith ". He claims in his petition that he is a person of good character, that the place where such agency is to be conducted is a suitable place therefor and that he is entitled to a license in accordance with section 174, article 11, of the General Business Law, and that the Commissioner's " refusal is in violation of Article 11, is illegal, capricious, arbitrary, and an abuse of discretion."

The petition alleges that petitioner had been refused a license on a previous application and solely on the ground that he had been employed by Corporate Employment Service, Inc., whose license had been revoked in August, 1940. In his answer the respondent Commissioner of Licenses denies some of the allegations of the petition and affirmatively

alleges that on August 5, 1942, the petitioner filed an application for a license and that the application was denied on the merits; that the Appellate Division on April 23, 1943, handed down a decision sustaining the determination of the Commissioner, and that " on the 29th day of May, 1943, respondent herein notified petitioner that respondent's original decision denying the application, which had been sustained by the Appellate Division, was adhered to." The petitioner moved at Special Term for an order as prayed for in his petition. The motion was denied upon the pleadings, the court stating: " The question here presented is controlled by the decision of the Appellate Division on the earlier application (*In re Perpente* v. *Moss*) 265 App. Div. 789." The Appellate Division affirmed the order, Mr. Justice UNTERMYER dissenting.

Section 1300 of article 78 of the Civil Practice Act, entitled " Final Order," provides: " The court shall render a final order granting the petitioner the relief to which it deems he is entitled, or dismissing the proceeding, either on the merits or with leave to renew. If the proceeding is brought to review a determination, the court may annul or confirm, wholly or partly, or modify the determination reviewed, as to any or all of the parties, and may direct appropriate action or inaction by the respondent." The order of the court from which an appeal has been taken is not such a " final order "; nor may we assume that the court intended to dismiss the proceeding though the form of the order may be defective. The court had before it upon the motion made by the petitioner only the pleadings and it could dismiss the proceeding only if it appeared on their face that as matter of law the petitioner was entitled to no relief. (Civ. Prac. Act, § 1295.) The record discloses only that an application for a license was denied in August 1942; that the determination of the Commissioner was confirmed by the Appellate Division and that without a hearing the Commissioner denied in May 1943 a new application because the Commissioner " adhered " to his former determination. The question whether the petitioner was entitled as matter of law to summary relief upon motion may perhaps be controlled by the decision of the Appellate Division in *Matter of Perpente* v. *Moss* (265 App. Div. 789). Other questions which the petitioner has raised and which

could not be decided by the court upon a motion made upon the pleadings are clearly not controlled by that decision.

By the express terms of section 174 of the General Business Law, where a written protest has been filed against the issuance of a license " the mayor or commissioner of licenses shall appoint a time and place for the hearing of such application ". The statute does not in express terms require that a formal hearing be held where no protest has been filed and perhaps no requirement for said hearing may be read into the statute by implication. The decision of the Appellate Division upon the earlier application may, we assume, be considered as sanctioning less formal procedure adopted there by the Commissioner. Nonetheless the application for a license is, in such case, to be denied only if it shall appear from an " inspection or examination made by the said mayor or commissioner " that one of the statutory grounds for denying the application exists. Refusal may not be arbitrary and the determination of the Commissioner is subject to review by the court. Though formal hearings and formal findings may not be required, a license may not be refused on the ground that the applicant " is not a person of good character " unless the applicant has fair opportunity to meet a challenge to his good character and unless the court of review is apprised of the basis for the finding against the applicant. The procedure of the Commissioner must conform to recognized standards of fairness and a record must be made which permits a review of the action of the Commissioner by the court. (*Matter of Elite Dairy Products* v. *Ten Eyck,* 271 N. Y. 488.) The petitioner cannot challenge the fairness of the procedure or the validity of the determination upon the first application which has been confirmed by the Appellate Division. He can still challenge the determination of the Commissioner upon the second application and the order from which an appeal has been taken does not purport to determine that challenge.

We do not mean to imply that where the Commissioner has, upon sufficient evidence, determined that an applicant is not a person of good character and has denied his application the applicant may promptly file a new application and compel the Commissioner to re-examine the question. Usually there is room for the exercise of discretion whether the time has come for reconsideration. That may depend on many factors: the nature

of the evidence originally examined and of the evidence offered when a new application is made; the ground for the denial of the first application, as well as the time that has elapsed since that denial. These and perhaps other questions still remain open. The courts below have not passed upon them and have decided only that the petitioner has failed to show that he is entitled to relief as matter of law.

The order appealed from does not finally determine the special proceeding and the appeal should be dismissed, without costs.

LOUGHRAN, RIPPEY, LEWIS, CONWAY, DESMOND and THACHER, JJ., concur.

Appeal dismissed.