Claudia CORBETT, Petitioner,

v.

Lucille KINLEIN et al., constituting the
District of Columbia Practical Nurses'
Examining Board, Respondents.

No. 3185.

District of Columbia Court of Appeals.

Argued April 15, 1963.

Decided May 28, 1963.

Gerald Golin, Washington, D. C., with
whom Hyman M. Goldstein, Washington,.
D. C., was on the brief, for petitioner.

Ted D. Kuemmerling, Asst. Corporation
Counsel, with whom Chester H. Gray, Cor-
poration Counsel, Milton D. Korman, Prin-
cipal Asst. Corporation Counsel, and Hubert
B. Pair, Asst. Corporation Counsel, were
on the brief, for respondents.

Before HOOD, Chief Judge, and
QUINN and MYERS, Associate Judges.

QUINN, Associate Judge.

The sole question on this appeal is wheth-
er the rejection of petitioner's application
for a license by the Practical Nurses' Ex-
amining Board was arbitrary and there-
fore an abuse of discretion.

On September 6, 1960, Congress enacted
the District of Columbia Practical Nurses'
Licensing Act.[1]  Section 10 of this act [2]
contained what is commonly called a
"grandfather clause." [3]  Petitioner, pursu-
ant thereto, filed an application for a license
with respondents which was denied for

1. Code 1961, § 2–421 et seq.

2. Code 1961, § 2–429.

3. "The term 'grandfather clause' was the
popular designation of provisions in the
constitutions of some of the southern
states that exempted from property and
literacy restrictions on suffrage descend-
ants of persons voting before 1867, or
descendants of persons who were in the
military service of the United States or
the Confederate States in time of war.
In comparatively recent years the term
has been applied to provisions in regula-
tory statutes or ordinances that extend
certain prerogatives to persons thereto-
fore established in the profession, occu-
pation, or business regulated. * * * "
Annot., 4 A.L.R.2d 667, 670 (1949).

failure to comply with the District of Columbia one-year experience requirement of Section 10(A) (4).[4] The record disclosed, however, that during the one-year period in question petitioner had been actively engaged in caring for the sick for seven and one-half months. It was uncontroverted that petitioner's application met the requirements of Section 10 in all other respects.[5]

A careful review of the statute and the regulations promulgated thereunder [6] discloses that no administrative procedure was devised whereby petitioner could challenge the Board's decision. Petitioner had no right to a hearing, nor did she have a right to be informed of her failure to satisfy the statutory requirements with the opportunity to present rebutting or mitigating evidence. Her petition, therefore, is properly before this court.[7]

The only support for respondents' position is the conclusory statement appended to petitioner's application that she did not satisfy the one-year statutory requirement. It appears that petitioner was at all times ready, willing and able to accept employment and that she was at all times registered with a practical nurses' registry for possible assignment. There is no evidence that respondents considered petitioner's employment availability in making their determination nor that they sought to relate petitioner's employment record to recognized employment standards in the practical nursing profession. Nevertheless, respondents contend that their action has "warrant in the record" and a "reasonable basis in law" because they could find, in a reasonable exercise of their administrative discretion, that employment for seven and one-half months did not satisfy the statutory one-year requirement.

The legislative history of the act shows that its purpose was "to improve the status of practical nursing and to encourage qualified practical nurses to remain in the District," as well as to "assure the public that any practical nurse who holds a license is qualified to give good care." [8] In this jurisdiction it has been said that while such statutes are primarily designed to protect the public, they should be construed and administered in such a way that capable and deserving applicants, possessing the requisite character and qualifications, may not be denied the right to gain a livelihood by practicing their calling. These considerations should be observed in according due process of law to such applicants.[9]

Here the statute does not in express terms require that a formal hearing be held where an application for a license under the "grandfather clause" is denied, and perhaps no requirement of a formal hearing may be read into the statute by implication.[10] Nevertheless, we hold that an application, such as petitioner's, which substantially complies with the statutory provisions may not be denied unless the applicant has a fair opportunity to meet the Board's challenge to his qualifications and unless

4. Code 1961, § 2–429 provides: "Upon receipt of an application, accompanied by the required fee for an original license, the Commissioners shall issue a license to practice as a licensed practical nurse, without written examination, to any person * * * *Provided*, That (A) the Commissioners find that such person * * * (4) has been actively engaged in caring for the sick in the District of Columbia for the year immediately preceding the effective date of this subchapter; * * * *."

5. Respondents originally claimed that petitioner had not fulfilled the general three-year experience requirement of subsec-

tion (A) (5), but waived this objection on appeal, admitting that due to a clerical error they had mistakenly computed petitioner's experience.

6. District of Columbia Regulations, 12–2201 et seq. (1961).

7. Code 1961, § 11–772.

8. H.R.Rep. No. 2154, 86th Cong., 2d Sess. 7 (1960).

9. Goldsmith v. Clabaugh, 55 App.D.C. 346, 348, 6 F.2d 94, 96 (1925).

10. But see, Andrews v. State Board of Registration, etc., 123 Cal.App.2d 685, 267 P.2d 352 (1954).

this court is apprised of the basis of the finding against him. While the procedure of the Board may be informal, it must conform to recognized standards of fairness and a record must be made which permits review of the Board's action by the court.[11]

Reversed and remanded for proceedings not inconsistent with this opinion.

11. Perpente v. Moss, 293 N.Y. 325, 56 N.E.2d 726 (1944).