**Cleo BREWSTER, Petitioner,**

**v.**

**M. Lucille KINLEIN et al., as members of the Practical Nurses' Examining Board, Respondents.**

**No. 3237.**

District of Columbia Court of Appeals.

Argued Feb. 23, 1965.

Decided April 29, 1965.

Samuel F. Ianni, Washington, D. C., for petitioner.*

David P. Sutton, Asst. Corp. Counsel, with whom Chester H. Gray, Corp. Counsel, Milton D. Korman, Princ. Asst. Corp. Counsel, and Hubert B. Pair, Asst. Corp. Counsel, were on the brief, for respondents.

Before HOOD, Chief Judge, MYERS, Associate Judge, and CAYTON (Chief Judge, Retired).

MYERS, Associate Judge:

On September 6, 1960, Congress enacted the District of Columbia Practical Nurses' Licensing Act.[1] Section 10 (§ 2–429) contained what is commonly called a "grandfather clause" which "proceeds upon the theory that those who have acceptably followed the profession in the community for a period of years may be assumed to have the qualifications which others are required to manifest as a result of an examination before a board of [examiners]." Watson v. State of Maryland, 218 U.S. 173, 177, 30 S.Ct. 644, 646, 54 L.Ed. 987 (1910);

* Since argument Samuel F. Ianni has withdrawn and John A. Shorter, Jr., Washington, D. C., has entered his appearance for petitioner.

1. 2 D.C.Code 1961, § 421 et seq.

Corbett v. Kinlein, D.C.App., 191 A.2d 246, footnote 3 (1963).

Pursuant to this section, petitioner filed a timely application for a license without written examination. The Practical Nurses' Examining Board denied it on the basis of subsection (A) (4)—that she had not been actively engaged in caring for the sick in the District of Columbia for the year immediately preceding the effective date of the Act. The case was then brought to this court and upon review of the record and in the light of the Board's admission that this conclusion was erroneous due to a mistake in the computation of petitioner's experience, we remanded the case by order dated April 30, 1963, for the purpose of "reopening and receiving any further evidence desired by either party" and "for such further order" as the Board may deem proper. After further hearing,[2] the Board concluded that the general requirement of subsection (A) (5) for "three or more years of experience in the care of the sick prior to the effective date of the [Act]" had not been met and again refused a license. The case then again came before this court for final review.

■ Preliminarily we have considered the contention of the Board that the request of the petitioner for review of its second and final order was untimely because filed more than 60 days thereafter. We do not agree. The remand was for the sole purpose of permitting the Board, in view of its previous mistake, to *reopen* and receive *further* testimony, if desired, and for such *further* order in the same case as seemed proper. We did not relinquish jurisdiction of the original appeal but required the Board to furnish a supplemental record and granted both sides opportunity to file amended briefs. The

charged error of untimeliness, therefore, is without merit.

■ The principal question before us is whether the rejection by the Board of petitioner's pending application for a license for the *second* time was arbitrary and, therefore, an abuse of discretion. Licensing statutes, while primarily designed to protect the public, should be construed and administered in such way that capable and deserving applicants, possessing requisite character qualifications, are not denied the right to gain or to continue a livelihood in the practice of their calling. Goldsmith v. Clabaugh, 55 App.D.C. 346, 348, 6 F.2d 94, 96 (1925).

■ In the light of that recognized principle, we have examined the entire record. It is not contended by the Board that petitioner's application failed to meet the requirements of § 2–429 on any basis except the general requirement for three-years' experience in caring for the sick before the Act went into effect. The Board was able to verify petitioner's employment as a practical nurse for 1 year, 11 months and 11 days plus *"several months"* more. Petitioner also claimed employment for over 18 months at two nursing homes which she could not corroborate because the homes had gone out of business. However, she had been registered with the Federal Nurses' Registry since May 1956 and was ready, willing and able at all times to accept available employment or possible assignment as a practical nurse.

We hold that the actual experience record proved by petitioner, coupled with her association with the practical nurses' registry and availability to work when called, amounted to substantial compliance with the "grandfather clause",[3] and it

2. Petitioner did not appear but her counsel explained that she could add nothing more than what was contained in her application already before the Board.

3. See Corbett v. Kinlein, D.C.App., 191 A.2d 246 (1963); Matheson v. Practical Nurses' Examining Board, D.C.App., 195 A.2d 402 (1963); Cf. Sherman v. Physical Therapists' Examining Board, D.C. App., 208 A.2d 728 (Decided March 31, 1965).

was an abuse of the Board's descretion to reject her application for licensure as a practical nurse in the light of the entire showing.

Reversed and Remanded with directions to issue a license to petitioner.