**Lois BERRY, Petitioner,**

v.

**M. Lucille KINLEIN et al., as members of the Practical Nurses' Examining Board, Respondents.**

**No. 3882.**

District of Columbia Court of Appeals.

Argued April 25, 1966.

Decided June 1, 1966.

In September 1960 Congress enacted the District of Columbia Practical Nurses' Licensing Act.[1] Section 10[2] of the act provides:

> "Upon receipt of an application, accompanied by the required fee for an original license, the Commissioners shall issue a license to practice as a licensed practical nurse, without written examination, to any person *who shall make application therefor prior to the expiration of one year immediately following the effective date of this subchapter * *."*[3] (Emphasis added.)

In answer to her letter addressed to respondents either in July or August 1965, petitioner received a reply dated August 23, 1965, informing her that her "request for an application without written examination (waiver) can not be honoured: Applications were accepted only between July 29, 1961 and July 29, 1962." Petitioner's request for a hearing was likewise denied. She appeals from these denials contending that respondents' actions were arbitrary and capricious. We disagree. The statute specifically provides that applications for a license under the "grandfather clause" shall be made prior to the expiration of one year immediately following the effective date of the subchapter, which in this case was July 29, 1961. The record does not show that petitioner at any time filed with respondents an application for licensure without written examination, nor does the record show that she requested an application form at any time prior to July 29, 1962. Petitioner's requests were made three years beyond the time limit set by Congress, and therefore respondents had no alternative but to deny them. Accord, Corbett v. Kinlein, D.C.App., 191 A.2d 246 (1963).

Affirmed.

Louis Horowitz, Washington, D. C., for petitioner.

David P. Sutton, Asst. Corp. Counsel, with whom Chester H. Gray, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel, and Hubert B. Pair, Asst. Corp. Counsel, were on the brief, for respondents.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

## PER CURIAM:

The sole question on this appeal is whether respondents' refusal to honor petitioner's "request for an application" for licensure as a practical nurse "without written examination" and its denial of her request for a hearing were arbitrary and capricious.

1. Code 1961, § 2–421 et seq.

2. Code 1961, § 2–429.

3. The effective date of the subchapter was July 29, 1961, District of Columbia Regulations, Title 12, Occupational and Professional Licenses, Chapter 22, Practical Nurses, Section 12–2207.