TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

JOHN K. VAN DE KAMP
Attorney General

----------------------------

|  |  |  |
|---|---|---|
| | : | |
| OPINION | : | |
| | : | |
| of | : | No. 87-403 |
| | : | |
| JOHN K. VAN DE KAMP | : | <u>DECEMBER 17, 1987</u> |
| Attorney General | : | |
| | : | |
| ANTHONY S. DaVIGO | : | |
| Deputy Attorney General | : | |
| | : | |

------------------------------------------------------------

THE FRANCHISE TAX BOARD has requested an opinion on the following question:

Has the State Board of Accountancy in its administrative rules and regulations provided an adequate interpretation as to the character of government experience required to qualify for a certificate as a certified public accountant?

CONCLUSION

The State Board of Accountancy in its administrative rules and regulations has provided an adequate interpretation as to the character of government experience required to qualify for a certificate as a certified public accountant.

ANALYSIS

The statutes governing the practice of accounting in this state are found in section 5000 et seq. of the Business and Professions Code. The State Board of Accountancy (hereafter, the "board") is authorized to "adopt, repeal, or amend such regulations as may be reasonably necessary and expedient for the orderly conduct of its affairs and for the administration of this chapter." (§ 5010.) Further, the board "may by regulation, prescribe, amend or repeal rules of professional

conduct appropriate to the establishment and maintenance of a high standard of integrity and dignity in the profession." (§ 5018.)

Section 5083 prescribes the experience prerequisites for a certificate as a certified public accountant:

"Except as otherwise provided in this section, an applicant who successfully passes the examination shall receive a certificate as a certified public accountant if he has completed, or upon his completion of, any one of the following requirements:

"(a) Three years of public accounting experience, two years of which have been in the employ of a public accountant registered under this chapter or a certified public accountant or a partnership of which a majority of the partners are public accountants registered under this chapter or certified public accountants.

"(b) Three and one-half years of public accounting experience, one year of which has been in the employ of a public accountant registered under this chapter or a certified public accountant or a partnership of which a majority of the partners are public accountants registered under this chapter or certified public accountants.

"(c) Four years of public accounting experience in cases in which none was acquired in the employ of a public accountant registered under this chapter or partnership of public accountants registered under this chapter or a certified public accountant or partnership of certified public accountants.

"(d) Experience in private or governmental accounting or auditing work of a character and for a length of time sufficient in the opinion of the board to be substantially equivalent to the requirements of subdivisions (a), (b) or (c) hereof; provided, that the length of time that may be determined by the board shall not exceed four years.

"The board shall prescribe rules establishing the character and variety of experience necessary to fulfill the experience requirements set forth in this section.

"An applicant who qualified for the examination pursuant to subdivisions (b) or (c) of Section 5081.1 shall have at least four years of experience of a type described in this section." (Emphases added.)

Pursuant to the authority provided under the penultimate paragraph of the latter section as well as sections 5010 and 5018, supra, the board has promulgated its rules and regulations in title 16 of the California Administrative Code, commencing with section ("rule") 1. Rule 11.5 provides:

"(a) In order to fulfill the experience requirements set forth in Section 5083, the applicant shall show to the satisfaction of the board that his experience has included all the following:

"(1) Experience in applying a variety of auditing procedures and techniques to the usual and customary financial transactions recorded in accounting records.

"(2) Experience in the preparation of audit working papers covering the examination of the accounts usually found in accounting records.

"(3) Experience in the planning of the program of audit work including the selection of the procedures to be followed.

"(4) Experience in the preparation of written explanations and comments on the findings of the examination and on the content of the accounting records.

"(5) Experience in the preparation and analysis of financial statements together with explanations and notes thereon.

"(b) The foregoing requirements apply whether the experience of the applicant shall have been obtained in public accounting practice or in private or governmental employment.  Experience obtained in  private or governmental employment shall be qualifying if, in the opinion of the board based upon a review of the character and variety of experience of an applicant, such experience is deemed to be substantially equivalent to the experience requirements set forth in items (1) through (5) above.

"(c) This experience shall be gained in full-time or part-time employment under the provisions of Section 5083.  Such experience may be fulfilled by a combination of financial audits, reviews, compliance, operational and management units."  (Emphases added.)

The present inquiry is whether rule 11.5 provides an adequate interpretation as to the character of government experience required to qualify for a certificate as a certified public accountant.  It is the purpose of regulations to implement, interpret, make specific or otherwise carry out the provisions of a statute, and no such regulation is valid or effective unless consistent and not in conflict with the statute and reasonably necessary to effectuate the purpose of the statute.  (Gov. Code, § 11342.2.)  Of course, while licensing statutes are primarily designed to protect the public, they should be interpreted in such a way that capable and deserving applicants, possessing requisite character and qualifications, may not be denied the right to gain a livelihood by practicing their calling.  (Cf. Goldsmith v. Clabaugh (1925) 6 F.2d 94, cert. den. 269 U.S. 554; 60 Ops.Cal.Atty.Gen. 217, 222 (1977).)

As distinguished from private or governmental employment as an accountant, a "public accountant," inter alia, practices accountancy while holding himself out to the public as an accountant or dealing as an accountant with customers in a professional-client relationship. (Bus. & Prof. Code, § 5051; 58 Ops.Cal.Atty.Gen. 36, 38 (1975).) Section 5083, subdivision (d), of said code provides that experience as a governmental accountant will qualify for a certificate as a certified public accountant if in the opinion of the board it is "substantially equivalent" as to character and time to qualifying experience as a public accountant. (See 58 Ops.Cal.Atty.Gen., supra, 38.) Subdivisions (a), (b), and (c) of that section prescribe the quantity in terms of years of experience as a public accountant required to qualify for a certificate as a certified public accountant. The same statute further provides that the board shall prescribe rules establishing the character and variety of qualifying experience as a public accountant.

Accordingly, rule 11.5, subdivision (a), establishes the character and variety of qualifying experience as a public accountant. Specifically, such experience must include (1) the application of auditing procedures and techniques, (2) preparation of audit working papers covering the examination of accounts, (3) planning the program of audit work, (4) preparation of explanations and comments, and (5) preparation of financial statements. Subdivision (b) provides first that the character and variety of qualifying experience as a public accountant applies as well to governmental accounting experience, and further provides that such governmental experience must be, in the opinion of the board, "substantially equivalent" as to character and variety to qualifying experience as a public accountant.

It follows, as previously observed in 58 Ops.Cal.Atty.Gen., supra, 39, that if the governmental experience of an applicant is, in the opinion of the board, substantially equivalent to the prescribed character and variety of experience in public accounting, the applicant should be given full credit for such experience to the same extent as an applicant qualifying under subdivisions (a), (b), or (c) of section 5083.

In our view, the term "substantially equivalent" in the context of qualifying experience does not warrant further specification in rule 11.5 because the matter has been statutorily consigned to the board's own opinion in each case. (See subd. (b) of the rule: ". . . if, in the opinion of the board based upon a review of the character and variety of experience of an applicant . . ."; emphasis added.) The board's determination in each case should be based upon the common and generally accepted meaning of the term, which connotes a certain elasticity or variability as distinguished from precision or exactitude. (Cf. Flateau v. Anderson (1982) 537 F.Supp. 257, 263 -- "substantial equality"; 59 Ops.Cal.Atty.Gen. 201, 203 (1976) -- "substantially equal"; 6 Ops.Cal.Atty.Gen. 94, 96 (1945) -- "substantially the same salary.") Such variances, if any, should be derived in turn from the board's perceptions respecting the comparison between public and governmental accounting experience. Finally, while the term "substantially equivalent" is not expressly defined and determinations as to equivalency are relegated to the board's own opinion, the board is nevertheless constrained in its opinions and determinations by the constitutional standard of reasonableness. (Welsh v. Arizona State Board of Accountancy (1971) 484 P.2d 201, 204.) In this regard, a primary rule of construction is that a statute should be construed, if possible, so as to render it valid and constitutional. (In re Rodriguez (1975) 14 Cal.3d 639, 651; 66 Ops.Cal.Atty.Gen.

367, 368 (1983).) In the last cited opinion, we quoted <u>City of Crowley Firemen</u> v. <u>City of Crowley</u> (Supreme Ct. La. 1973) 280 S.2d 897, 901, regarding the constitutional standard of reasonableness:

"The fixed rule and basic standard by which the validity of all exercise of the police power is tested is that the police power of the state extends only to such measures as are reasonable and that all police regulations must be reasonable under all circumstances. Too much significance cannot be given to the word 'reasonable' in considering the scope of the police power in a constitutional sense, for the test used to determine the constitutionality of the means employed by the legislature is to inquire whether the restrictions it imposes on rights secured to individuals by the Bill of Rights are unreasonable, and not whether it imposes any restrictions on such rights. It has been said that the only limitation upon the exercise of the police power is that such exercise must be reasonable. The validity of a police regulation therefore primarily depends on whether under all the existing circumstances the regulation is reasonable or arbitrary and whether it is really designed to accomplish a purpose properly falling within the scope of the police power.

"A statute to be within this power must also be reasonable in its operation upon the persons whom it affects, must not be for the annoyance of a particular class, and must not be unduly oppressive."

It is concluded that rule 11.5 provides an adequate interpretation as to the character of government experience required to qualify for a certificate as a certified public accountant.

* * * * *