Ruth Frances **SHERMAN**, Petitioner,

v.

**PHYSICAL THERAPISTS EXAMINING BOARD of the District of Columbia, Respondent.**

No. 3629.

District of Columbia Court of Appeals.

Argued Feb. 23, 1965.

Decided March 31, 1965.

Monroe Oppenheimer, Washington, D. C., for petitioner.

David P. Sutton, Asst. Corp. Counsel, with whom Chester H. Gray, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel, and Hubert B. Pair, Asst. Corp. Counsel, were on the brief, for respondent.

Before HOOD, Chief Judge, MYERS, Associate Judge, and CAYTON (Chief Judge, Retired).

CAYTON, Judge:

Here for review is a decision of the Physical Therapists Examining Board of the District of Columbia, denying an application for registration without examination.

The application had been made under the provisions of the statute which requires that:

"The Commissioners shall register as a physical therapist, *without examination,* any physical therapist who is at least twenty years of age and of good moral character and who presents evidence satisfactory to the Commissioners that she was, prior to the effective date of this subchapter, *practicing physical therapy in the District of Columbia for a period of two years immediately preceding the effective date of this subchapter,* and that she (1) has graduated from an approved school of physical therapy listed in the register of approved schools *or (2) received comparable training or experience in the practice of physical therapy as determined by the Commissioners.* * * *" (Emphasis supplied.) D.C. Code 1961, § 2-458 (Supp. IV, 1965)

Petitioner claimed to be qualified under the above quoted language by reason of more than 27 years of actual training and experience as a physical therapist, the last 12 years being in the District of Columbia.

After a hearing the Examining Board denied the application for registration. Urging reversal, petitioner argues (1) that the Board subjected her to an improper line of examination and unfairly evaluated her responses thereto, and (2) that the evidence showed her to be qualified for registration without examination.

The first argument relates to some eighty questions put to the petitioner by the Board in the course of her testimony. Petitioner says that because she was within the class of applicants entitled to be admitted without examination the entire line of questions was improper, constituting a "quiz" not authorized by the statute. We find considerable substance in the argument.

■ In another section of the statute (2–459) there is a provision for registration *after* examination, covering such applicants as are graduates of an approved school or possess "comparable educational qualifications." Comparable educational qualifications are not involved in the case of this petitioner and such test should not have been applied to her. She came under the other section, quoted above, which requires registration without examination of one who has "received comparable *training or experience* in the *practice* of physical therapy." Reflecting the approach and intent found in "grandfather clauses" in many a licensing statute, this language means that an applicant who meets the tests as to age, character, etc., and who has actually practiced the profession for the prescribed period shall be registered without examination. For applicants in this status the law creates a clear exception. As the Supreme Court has said, "Such exception proceeds upon the theory that those who have acceptably followed the profession in the community for a period of years may be assumed to have the qualifications which others are required to manifest as a result of an examination before a board of medical experts." Watson v. State of Maryland,

218 U.S. 173, 177, 30 S.Ct. 644, 646, 54 L.Ed. 987 (1910).

■ The questions put to this petitioner by the Board were in large part concerned with definitions or nomenclature in the fields of anatomy, physiology, neurology or the like, or dealt with text-book material, or were memory tests, or related to certain modern techniques. Some of the questions were probably relevant to the general question of "comparable training or experience," but the questions as a whole amounted to a knowledge test such as would properly be given to one not exempted therefrom.

■ Some months after the hearing the examining Board prepared a document which it called "Evaluation of [petitioner's] Answers to Questions Asked" and filed it as part of the record in this case. And the Board made a finding that "Petitioner was unable to answer basic questions covering numerous areas of physical therapy and as to the technical procedures involved therein." We think this was a questionable procedure. What the Board did was to make a detailed study and an ex parte evaluation of petitioner's answers and incorporate it into an official document vested with evidentiary status, but with no right on the part of counsel for petitioner to meet it by cross-examination or by answering evidence. The "finding of fact" based thereon cannot be sustained. See Interstate Commerce Commission v. Louisville & N. R. Co., 227 U.S. 88, 33 S.Ct. 185, 57 L.Ed. 431 (1913).

Petitioner's second point is that the Board was wrong in refusing to recognize her long years of training and experience as required by the statute. Starting in 1933 she worked ten years for ten different physicians in Massachusetts, on patients with a variety of ailments, and meanwhile took two courses in physical education. In 1949 she passed (with a grade of 83.92) the Massachusetts Civil Service examination for

physical therapist. In the meantime, she was for two years a physical therapist in a Massachusetts hospital and after that for three years in a New York hospital, in both places treating a large variety of ailments by various prescribed techniques under physicians' directions. Since coming to the District in 1949 she has been a physical therapist at the U. S. Public Health Service, the Children's Hospital, and (since 1950) the D. C. Health Department. She was first classified as a physical therapy aide and since 1952 as a physical therapist. Her official ratings have never been less than "satisfactory" in any category; in some years she was rated "outstanding" in skill, and in every year "outstanding" for industry.

The Board called two witnesses who questioned petitioner's ability and qualifications, stating among other things that she did not have an adequate background to treat certain cases, or to do muscle testing; that she lacked basic knowledge in the field and had not kept pace in new developments; and that she could not handle certain "fine" work (involving about one-third of children treated) because of lack of academic background. These witnesses did not deny petitioner's competence in other areas, and the only physician called by the Board testified that the petitioner had "done adequately on my prescription."

It seems unnecessary to recite more from the transcript and exhibits. We think the Board was wrong in withholding registration in the light of the entire showing. It is wrong and unrealistic to say that more than 27 years of varied and extensive training and experience (12 of them in government service here) was not comparable to an academic course on the subject. Indeed, the opposite appears from representative curricula which are part of the evidence. It may be conceded that the petitioner does not have all the refined skills or specialized knowledge some others may boast. But, surely, that is not reason enough to say that she has no professional standing. We agree with counsel for petitioner that the protection of the grandfather clause is not to be limited to "exceptionally able people," but was designed also to include those who, though of less than the highest competence, still possess the basic qualifications and meet other legal requirements.

Reversed and remanded, with instructions to approve application for registration.