Leona E. SCHRAMM, Petitioner,

v.

PHYSICAL THERAPISTS EXAMINING BOARD of the District of Columbia, Respondent.

No. 3391.

District of Columbia Court of Appeals.

Argued March 21, 1966.

Decided June 1, 1966.

Rehearing Denied June 14, 1966.

G. William Hammer, Falls Church, Va., for petitioner.

David P. Sutton, Asst. Corp. Counsel, with whom Milton D. Korman, Acting Corp. Counsel, and Hubert B. Pair, Asst. Corp. Counsel, were on the brief, for respondent.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

QUINN, Associate Judge.

Petitioner seeks review of respondent's denial of her application for registration as a physical therapist without examination pursuant to Code 1961, § 2–458 (Supp. V, 1966). This statute requires the Examining Board to register without examination an applicant who

"*  *  * *presents evidence* satisfactory to the Commissioners that she was *  *  * practicing physical therapy in the District of Columbia for a period of two years immediately preceding the effective date of this subchapter, *and* that she (1) has graduated from an approved school of physical therapy listed in the register of approved schools *or* (2) received comparable training or experience in the practice of physical therapy as determined by the Commissioners. *  *  * *" (Emphasis added.)

In September 1963 respondent rejected petitioner's application without a hearing, but on appeal we remanded for a proper hearing in accordance with our decision in Corbett v. Kinlein, D.C.App., 191 A.2d 246 (1963). Following the hearing held on February 26, 1965, at which petitioner alone testified as to her qualifications, respondent found that she did not qualify under the statute, and again rejected her application. It is from this denial that petitioner appeals.

It is a fundamental principle of administrative proceedings that the burden of proof is on the proponent of a rule or order. 2 Am.Jur.2d Administrative Law § 391 (1962); 73 C.J.S. Public Administrative Bodies and Procedure § 124 (1951); accord, Federal Administrative Procedure Act, 5 U.S.C.A. § 1006(c). The statute involved herein likewise speaks of registration of an applicant "who presents evidence" of certain qualifications. It is

this burden of proof with which we are chiefly concerned.

Petitioner testified that her formal education ended with high school, and no claim was made that she "graduated from an approved school of physical therapy." It was therefore necessary for her to satisfy the Board that she had received "comparable training or experience." As noted above, the only evidence presented to the Board was her own testimony, and while it is generally true that uncontradicted testimony, even of an interested party, may not be disregarded and may, in some instances, be sufficient to prove a case, we feel that something more was required here. Indeed, since the purpose of registration is the protection of the public from incompetent practitioners, this public interest requires that something more than an applicant's self-serving declarations be presented to the Board as evidence. See S.Rep.No. 823, 87th Cong., 1st Sess. 2 (1961).

Petitioner argues, however, that the "grandfather clause," which requires two years' practice in the District, contains the standard applicable to her. While we may agree that the purpose of such a clause is to establish a standard for licensing without examination those who have acceptably followed a profession for a period of years, a careful reading of Section 2–458 clearly shows that merely satisfying this clause does not satisfy the statute. Petitioner still had the burden of proving that although she did not graduate from an approved school, she received "comparable training or experience." We cannot say that she met this burden by presenting no evidence other than her own recitation of her qualifications.

One further point deserves mention. Petitioner asserts that she did not receive a fair and impartial hearing because (1) she was questioned by both the Assistant Corporation Counsel and the Board, (2) the Board's questions amounted to an "examination," and (3) the Board had previously determined that she was not qualified. We are unable to agree.

It would be unreasonable to rule that Board members may not question an applicant after she has been cross-examined by counsel. Section 2–456 specifically gives them such a right. Their questions, however, should not take the form of an examination. Sherman v. Physical Therapists Examining Board, D.C.App., 208 A.2d 728 (1965). The record discloses that the overwhelming majority of the questions posed by the Board were concerned with either clarifying petitioner's testimony or eliciting further information as to her training and experience. This type of questioning is not proscribed.

Finally, it cannot fairly be said that the Board's prior denial of petitioner's application was per se prejudicial to her. We find no evidence that the Board had predetermined the issues involved or that the hearing was not fair and impartial.

Affirmed.