**Cecilia M. HLEBANJA, Petitioner,**

v.

**PHYSICAL THERAPISTS EXAMINING BOARD of the District of Columbia, Respondent.**

**No. 3392.**

District of Columbia Court of Appeals.

Argued March 21, 1966.

Decided June 1, 1966.

Rehearing Denied June 14, 1966.

G. William Hammer, Falls Church, Va., for petitioner. Richard A. Mehler and Charles P. Hovis, Washington, D. C., also entered an appearance for petitioner.

David P. Sutton, Asst. Corp. Counsel, with whom Milton D. Korman, Acting Corp. Counsel, and Hubert B. Pair, Asst. Corp. Counsel, were on the brief, for respondent.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

MYERS, Associate Judge:

Petitioner seeks review of the denial by the Physical Therapists Examining Board of her application for registration as a physical therapist in the District of Columbia without examination.[1] Her application was first rejected by the Board in September 1963, but upon appeal, we remanded for a proper hearing as required by our decision in Corbett v. Kinlein, D.C.App., 191 A.2d 246 (1963). After a fair and impartial hearing, her application was again rejected upon the Board's finding that she did not meet the standards specified. The principal question here is whether the Board abused its discretion in reaching its conclusion, upon the evidence presented by petitioner, that she did not meet the statutory qualifications for registration, without examination, as a physical therapist.

1. D.C.Code, 1961, § 2–458 (Supp. V, 1966). "The Commissioners shall register as a physical therapist, without examination, any physical therapist who is at least twenty years of age and of good moral character and who presents evidence satisfactory to the Commissioners that she was, prior to the effective date of this subchapter, practicing physical therapy in the District of Columbia for a period of two years immediately preceding the effective date of this subchapter, and that she (1) has graduated from an approved school of physical therapy listed in the register of approved schools or (2) received comparable training or experience in the practice of physical therapy as determined by the Commissioners. * * *"

In administrative proceedings, as here, the burden is generally upon the party asserting the affirmative of an issue.[2] The burden in the instant case was upon petitioner to present evidence satisfactory to the Board to establish, in the absence of any showing that she had "graduated from an approved school of physical therapy listed in the register of approved schools," or that she had "received comparable training or experience in the practice of physical therapy." Petitioner claimed to be entitled to registration on the bases of a high school education, of military service as a pharmacist's mate in the Naval Medical Corps during World War II, of Completion of various courses, unrelated to physical therapy, at several universities and colleges, of part-time work and study in the field of physical therapy at a now defunct school of "naturopathy" about twelve years prior to her hearing before the Board, and of associations with two other persons in the practice of physical therapy in the District of Columbia since 1959. Other than appellant's own testimony, no evidence was submitted in any form to support the application—no official records of her military service and duties, no official college or university transcripts, nothing to corroborate her claimed part-time work and study at the school of "naturopathy," and no references or endorsements from licensed physicians to verify her competency.

Under the circumstances we are of the opinion that appellant failed to furnish "evidence satisfactory" to the Board that she had received "comparable training or experience" in the practice of physical therapy so as to entitle her to registration as a practitioner for that purpose without examination. Public interest dictates that something more than mere self-serving declarations be offered as proof of competency; otherwise the primary purpose of the statute to protect the public from unqualified practitioners of physical therapy would be circumvented.

We therefore find no abuse of discretion in the Board's denial of petitioner's application for registration as a physical therapist without examination.

Other alleged errors have been considered and found to be without merit. See Schramm v. Physical Therapists Examining Board of the District of Columbia, D.C. App., 219 A.2d 846; decided June 1, 1966.

Affirmed.

2. Bernstein v. Real Estate Commission of Maryland, 221 Md. 221, 156 A.2d 657 (1959); appeal dismissed 363 U.S. 419, 80 S.Ct. 1257, 4 L.Ed.2d 1515, rehearing denied 364 U.S. 855, 81 S.Ct. 35, 5 L.Ed. 2d 79 (1960); 2 Am.Jur.2d, Administrative Law, § 391 (1962).