**Robert Waverly HICKS, Petitioner,**

**v.**

**PHYSICAL THERAPISTS EXAMINING BOARD of the District of Columbia, Respondent.**

**No. 3390.**

District of Columbia Court of Appeals.

Argued March 21, 1966.

Decided July 14, 1966.

---

G. William Hammer, Falls Church, Va., for petitioner.

David P. Sutton, Asst. Corporation Counsel, with whom Milton D. Korman, Acting Corporation Counsel, and Hubert B. Pair, Asst. Corporation Counsel, were on the brief, for respondent.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

HOOD, Chief Judge.

Petitioner sought registration as a physical therapist without taking and passing the required examination. Under the statute allowing such registration an applicant must present satisfactory evidence of (1) practicing physical therapy in the District of Columbia for the period of two years immediately preceding the effective date of the statute and (2) graduation from an approved School of Physical Therapy or (3) comparable training or experience in the practice of physical therapy as determined by the Commissioners.[1] Petitioner did not rely upon the approved education clause, but attempted to prove he had met the practice requirement and possessed comparable training and experience. Finding he did not establish these requirements, the Board denied his application.

Petitioner holds a Bachelor of Science degree in civil engineering and a Master of Science degree in the natural sciences. He claims to have practiced physical therapy since 1956. His evidence of comparable training or experience included numerous occupational activities prior to 1956. Among these were employment in the Safety and Health Section, U.S. Army Corps of Engineers, in the United States Patent Office as a patent examiner and in the Veterans Administration as a mechanical engineer and draftsman. In 1943–44

he worked with a Doctor of naturopathy on a research project. In 1951–53 he took evening courses in a school of naturopathy and in 1953–56 he worked part time in a physical therapy clinic. Upon leaving the clinic he began his own practice.

■ In finding that petitioner produced no evidence of having graduated from an approved school of therapy the Board indicated that it considered all of petitioner's education, including his study and clinical experience at the school of naturopathy, only in reaching its determination of non-compliance with the education clause. This was error because petitioner made no claim to graduation from an approved school of therapy. He offered his schooling, study and training as proof of comparable training or experience, the statutory alternative to graduation from an approved school, and it should have been considered under that category. However, we do not regard this error as sufficiently prejudicial to warrant reversal.

■ Petitioner sought to establish his right to registration without examination, and in an administrative proceeding the burden of proof is generally upon the party asserting the affirmative of an issue.[2] The statutory standard for proof of comparable training or experience is a high one. The Congress intended to secure safe performance in the practice of physical therapy.[3] Training or experience offered to meet the statute must establish that the applicant's competence to assist his patients without endangering their health and safety is "comparable" to that of a therapist who has graduated from an approved school of physical therapy. However, this is not to say that the applicant must possess all of the refined skills and specialized knowledge presumably possessed by a graduate of an approved school. A showing of two

1. D.C.Code 1961, § 2–458 (Supp. V, 1966).

2. Bernstein v. Real Estate Commission of Maryland, 221 Md. 221, 156 A.2d 657 (1959), appeal dismissed 363 U.S. 419, 80 S.Ct. 1257, 4 L.Ed.2d 1515, rehearing denied 364 U.S. 855, 81 S.Ct. 35, 5 L.Ed.2d 79.

3. Senate Rep. No. 823, 87th Cong., 1st Sess. 2 (1961); H.R.Rep. No. 1146, 87th Cong., 1st Sess. 2 (1961).

years practice in the prescribed period gives the applicant the protection dictated by the inclusion of a "grandfather's clause" in this statute. Although he is not entitled to registration simply because he has practiced, his practice is a compensatory circumstance to be considered in weighing his possible shortcomings in refinement of skills and specialization of knowledge.[4] In assessing comparability, then the Board must focus its attention on two competing rights: the right of the public to be protected from incompetent practitioners of physical therapy and the right of the applicant to continue to gain a livelihood by practicing his calling.[5] The petitioner here relied upon a curriculum listing and an affidavit of attendance to establish the comparability of his training and experience at the school of naturopathy. Such minimal, *pro forma* evidence is hardly an assurance of his ability to safely perform physical therapy.

Petitioner further contends that he presented substantial evidence of his comparable training and experience. In reviewing the merits of comparability we are bound to recognize the expertise of the Board, a panel of Registered Physical Therapists. The record shows that any relation of petitioner's former employment to physical therapy was effectively contradicted. The relevancy of his nonengineering education to the practice of physical therapy was a matter of judgment for the Board. We cannot say that the Board erred in finding that the evidence did not meet the statutory standard. The alleged errors in the admission of evidence are either unfounded or insubstantial.

It is also contended that the Board erred in not creating and publishing a standard for comparable training or experience before the hearing. We disagree.

Although the Board has statutory authority to prescribe rules and regulations,[6] the choice made between proceeding by a general rule or by individual, ad hoc litigation is one that lies primarily within its informed discretion.[7] The training and experience of each applicant may well be too variable to permit the application of a rigid rule of comparability.

Affirmed.

---

4. See Sherman v. Physical Therapists Examining Board, D.C.App., 208 A.2d 728 (1965).

5. Corbett v. Kinlein, D.C.App., 191 A.2d 246 (1963).

6. D.C.Code 1961, § 2–456(a) (Supp. V, 1966).

7. Securities and Exchange Comm'n v. Chenery Corp., 332 U.S. 194, 203, 67 S.Ct. 1575, 91 L.Ed. 1995 (1947).