Arne Ferdinand **OLSEN**, Petitioner,

v.

**DISTRICT OF COLUMBIA PHYSICAL THERAPISTS EXAMINING BOARD, Respondent.**

**No. 3923.**

District of Columbia Court of Appeals.

Argued Nov. 28, 1966.

Decided March 20, 1967.

---

John P. Higgins, Washington, D. C., with whom George H. Buschmann, Washington, D. C., was on the brief, for petitioner.

Richard W. Barton, Asst. Corporation Counsel, with whom Charles T. Duncan, Corporation Counsel, Milton D. Korman, Principal Asst. Corporation Counsel, and Hubert B. Pair, Asst. Corporation Counsel, were on the brief, for respondent.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

PER CURIAM.

We are asked to review a decision of the District of Columbia Physical Therapists Examining Board denying petitioner's application for registration without examination under D.C.Code 1961, § 2–458 (Supp. V, 1966), the grandfather clause of the stat-ute.[1] It was incumbent upon petitioner to establish that not only had he practiced physical therapy in the District of Columbia for a period of two years immediately preceding the effective date of the Act, but also that he had graduated from an approved school of physical therapy or had received comparable training and experience in the practice of physical therapy. As he had not graduated from an approved school, petitioner sought to prove the required practice and the comparable training and experience. The Board found that he had established neither.

Petitioner's testimony showed that since coming to the District of Columbia from Norway in 1927 he had been employed exclusively in "health clubs." He admitted that "maybe over 90%" of his work was "purely massage" not under the prescription of a doctor. He testified that over the years he had performed physical therapy on patients under doctors' orders, and offered letters from several doctors to sustain this. These letters dealt only with a few treatments which had dubious value as proof of true physical therapy. For instance, one doctor stated that most of the therapy given by petitioner was "of a nonspecific nature, i. e. cabinet baths—cold and hot shower and hose sprays and general skin tone salt rubs." Another doctor stated that his recommendations for patients referred to petitioner were "for massage, passive exercises or infrared radiation." We are convinced that the action of the Board was not arbitrary, and that the record made by petitioner did not require the Board to grant him registration.

Petitioner also complains of certain alleged procedural defects, but the record shows that petitioner was granted a full hearing and given an opportunity to present any evidence he desired. We find no unfairness in the proceeding.

Affirmed.

---

1. This Section is set out in detail in Sherman v. Physical Therapists Examining Board, D.C.App., 208 A.2d 728, 729 (1965).