Richard Dwight CULLER, Petitioner,

v.

PHYSICAL THERAPISTS EXAMINING
BOARD of the District of Co-
lumbia, Respondent.

No. 3980.

District of Columbia Court of Appeals.

Argued Jan. 9, 1967.

Decided April 6, 1967.

Frank B. Tavenner, Washington, D. C., for petitioner.

Ted D. Kuemmerling, Asst. Corp. Counsel, with whom Charles T. Duncan, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel, and Hubert B. Pair, Asst. Corp. Counsel, were on the brief, for respondent.

Before HOOD, Chief Judge, MYERS, Associate Judge, and QUINN, (Associate Judge, Retired).

PER CURIAM:

Pursuant to D.C.Code § 2–458 (Supp. V, 1966), petitioner applied for registration as a physical therapist in the District of Columbia without examination. After a hearing before the Board at which he was represented by retained counsel, petitioner's application was rejected because the evidence submitted by him did not meet the required standards, i. e., it did not establish that for a period of two years immediately preceding the effective date of the Act (February 20, 1963) he had practiced physical therapy in the District of Columbia, and, in the absence of graduation from an approved school of physical therapy listed in the registry of approved schools, that he had received comparable training and experience.

From the legislative history of the Act, it is clear that Congress, recognizing the continuing advances in the field of physical therapy, the need for constant improvement in the standards of that practice, the danger inherent in having incompetent and untrained individuals engaged in the practice of physical therapy, and in the interest of protecting the welfare of the public, appointed a Board of Examiners composed of qualified physical therapists upon whom was placed the responsibility of entrusting physical therapy treatments only to those individuals who by education, training and experience were qualified and conversant with modern techniques in that field. It was intended that the Board should apply standards for evaluating the competency and skill of those seeking a license to practice physical therapy in the District of Columbia.

■■ The Act provides for registration of those who successfully pass an examination embracing the applied science of anatomy, neuroanatomy, physical therapy (defined in the Act as the "treatment of human disability, injury, or disease by supervised procedures embracing the specific scientific application of physical measures to secure the functional rehabilitation of the human body"), and other subjects specifically set forth in § 2–459. It also provides under § 2–458 for the licensing without examination of individuals who by training and experience meet certain standards. We recognize that the protection of the "grandfather clause" is not to be limited to only exceptionally able people, but this does not mean that applicants shall not be required to possess the basic qualifications, competence and skills comparable to those who have graduated from approved schools of physical therapy. Anything less would defeat the purpose and protection of the Act.

Petitioner's testimony revealed that he had not graduated from any approved school of physical therapy. Although employed as a physical therapist at the Thurmont Health Service in Maryland for three years starting in September 1956 and as a "therapist" at a sanitarium in that state from November 1959 to the present, he is not licensed there as a physical therapist. Between 1949 and March 1951, he was employed in the physical therapy departments of a New York hospital for six months, of a Maryland state hospital for seven months, of a Pennsylvania state hospital for six months, and of the Philadelphia State Hospital for five months. The available physical therapy procedures at the Pennsylvania state hospital were limited to ultra-violet and infra-red radiation and exercise programs. From June 1951 until March 1953, petitioner served in the armed forces as a private first class, stationed at an army hospital in South Carolina where he was classified as a "physical therapy technician." The physical therapist who supervised him there indicated he was deficient in his knowledge of the basic services requisite for a proper understanding of physical therapy techniques. At the Maryland nursing home where he has been employed since 1959, a majority of his patients are geriatrics with debilitating conditions and his duties consist primarily in walking them and sometimes performing nursing functions, such as administering medicines. No physical therapy records are kept by petitioner except such as are prepared as part of the nurses' records. He has had minimal experience with rehabilitative procedures. He stated he estimated the conditions of patients without electrical or functional tests or nerve conduction tests, established procedures followed by qualified physical therapists. He displayed a lack of basic knowledge of anatomy and physiology which affected his ability to recognize contraindications for physical therapy treatments.

It seems unnecessary to recite more from the record before the Board to show that petitioner's experience and training has been more on the level of an aide or technician and not that comparable to a graduate from an approved school of physical therapy.

· [2] Although the Board accepted as a fact that petitioner did some physical therapy work in the District of Columbia, the record supports the Board's finding that it was only incidental to his employment in Maryland and did not amount to substantial physical therapy practice in the District of Columbia.

 We find no merit to petitioner's contention that the Board was arbitrary or unfair in denying him a license. The record made by him clearly did not entitle him to be licensed without an examination.

Affirmed.