John Frederick HANSEN, Sr., Petitioner,

v.

**PHYSICAL THERAPISTS EXAMINING BOARD of the District of Columbia, Respondent.**

No. 3956.

District of Columbia Court of Appeals.

Argued Jan. 23, 1967.

Decided April 6, 1967.

Harry S. Wender, Washington, D. C., with whom Jules Fink, Washington, D. C., was on the brief, for appellant.

John R. Hess, Asst. Corp. Counsel, with whom Charles T. Duncan, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel, and Hubert B. Pair, Asst. Corp. Counsel, were on the brief, for appellee.

Before HOOD, Chief Judge, MYERS, Associate Judge, and QUINN (Associate Judge, Retired).

HOOD, Chief Judge:

This is an appeal from an order of the Physical Therapists Examining Board of the District of Columbia denying petitioner registration without examination under the "grandfather clause" of the Act creating the Board.[1] In order to qualify for such registration it was incumbent on petitioner to show that he had practiced physical therapy in the District of Columbia for a period of two years immediately preceding the effective date of the Act and that he had either graduated from an approved school of physical therapy or had received comparable training or experience in physical therapy. Not having graduated from such a school, he offered proof of the required practice and the comparable training or experience.

Petitioner is fifty-four years of age. His testimony was that during the past

1. D.C.Code 1961, § 2–458 (Supp. V, 1966).

twenty-four years he had been engaged in various forms of physical therapy. Briefly summarized, his training and experience were as follows: A hydrotherapy course in high school; work with his father who did physical therapy; a year with a physical therapist at the health service of a hotel; seven months in the U. S. Naval Hospital Corps with in-service training under a registered physical therapist; approximately one year "in charge of the physical therapy work" for a Maryland hospital, after which he had offices in the District of Columbia and Maryland to treat patients under doctors' prescriptions; over one year on a full-time basis in the physical therapy department of another Maryland hospital and part-time there until the present; and three years as the only physical therapist in a third Maryland hospital.

In 1961 petitioner left full-time hospital work to set up a health service for the Washington office of a national organization. He submitted proof that he had treated patients on prescription in the two months prior to this, and in his new position continued to treat patients under prescriptions until ordered to stop by the District of Columbia authorities. Petitioner's proof included testimony by the head of the physical medicine department of one of the Maryland hospitals where he had worked, supporting statements from eleven doctors and physical therapists under or for whom he had given treatments, and seven statements from various patients he had treated under prescription from six additional doctors.

Petitioner's evidence was not contradicted or materially weakened by cross-examination by the Board's counsel and questions by the Board's members.

We have been reluctant to overrule the Board in cases of this kind,[2] but here the record convinces us, as it did in Sherman v. Physical Therapists Examining Board, D.C.App., 208 A.2d 728 (1965), that the petitioner practiced physical therapy in the District of Columbia during the requisite two year period and had the comparable training or experience of an approved school graduate. Accordingly, it was error to deny registration to petitioner.

Reversed with instructions to approve petitioner's application for registration.

2. Olsen v. District of Columbia Physical Therapists Examining Board, D.C.App., 227 A.2d 392 (decided March 20, 1967); Hicks v. Physical Therapists Examining Board, D.C.App., 221 A.2d 712 (1966); Hlebanja v. Physical Therapists Examining Board, D.C.App., 219 A.2d 848 (1966); Schramm v. Physical Therapists Examining Board, D.C.App., 219 A.2d 846 (1966). See also, Culler v. Physical Therapists Examining Board of the District of Columbia, D.C.App., 227 A.2d 495 (decided this day).