**Faust H. CARBON, Petitioner,**

v.

**PHYSICAL THERAPISTS EXAMINING BOARD of the District of Columbia, Respondent.**

**No. 4180.**

District of Columbia Court of Appeals.

Argued April 29, 1968.

Decided June 10, 1968.

Marion Edwyn Harrison, Washington, D. C., for petitioner.

John R. Hess, Asst. Corporation Counsel, with whom Charles T. Duncan, Corporation Counsel, and Hubert B. Pair, Principal Asst. Corporation Counsel, were on the brief, for respondent. Richard W. Barton, Asst. Corporation Counsel, entered an appearance for respondent.

Before MYERS, KELLY and FICKLING, Associate Judges.

FICKLING, Associate Judge:

This is a review of the denial by respondent of petitioner's application for registration as a physical therapist without the requirement of an examination.

After a hearing, respondent concluded that petitioner had not submitted satisfactory proof that he had practiced physical therapy during the critical period under the statute,[1] that he had graduated from an approved school, or that he had received comparable training or experience.[2]

Petitioner contends that this conclusion was not supported by the evidence.

In 1963, without a hearing, respondent denied petitioner's application for registration without examination. In 1965, respondent granted petitioner's request for a hearing, at which the following evidence was presented:

Petitioner, after attending the National College of Massage and Physio-Therapy for six or seven months, graduated in 1936.

This school is not "listed in the register of approved schools."[3] In 1937, he opened an office in Maryland, and in 1940, in the District of Columbia. These offices were equipped with short-wave diathermy and ultraviolet and infrared lamps. Petitioner testified generally that he had practiced physical therapy, but offered no details with respect to that practice. In 1943, he was employed by the YMCA in the Health Services Department where he gave massages and some diathermy and hydrotherapy treatment. He continued his private practice part-time until 1960, when he became manager of the Health Services Department. In 1948 or 1949, petitioner served as a volunteer worker four hours a day for about eight months at the Bethesda Naval Hospital. His duties included assisting in whirlpool, diathermy, Baker's, ultraviolet, contrast bath, daily activities, galvanic treatment, and electrotherapy. He received very little, if any, formal training while serving in this capacity. In 1964, after taking a written examination, petitioner was awarded a certificate from the "National Board of Physical Therapy Examiners" in Los Angeles, California. Before the effective date of the statute,[4] petitioner never required his patients to present a doctor's prescription outlining the course of treatment; instead, he gave whatever treatment the patient said his physician had suggested. After the effective date of the statute, he received a few prescriptions from doctors, in which he had great latitude as to the specific treatment to be given the patients. Petitioner also submitted letters, including several from physicians, attesting to the quality of his work at the YMCA.

It is a fundamental principle of administrative proceedings, and an express requirement of this statute as well, that the burden of proof is upon the proponent of a

---

1. " * * * a period of two years immediately preceding the effective date of this subchapter, * * * " D.C.Code 1961 (Supp. V), § 2–458.

2. D.C.Code 1961 (Supp. V), § 2–458.

3. Id.

4. February 20, 1963.

rule or an order.[5] Two showings must be made by an applicant under the provisions of the statute: first, that he has practiced as a physical therapist [6] for two years immediately prior to the effective date of the statute, and second, that he has either graduated from an *approved* school, *or* received comparable training or experience. This court has set forth the standards of comparability to be applied in cases of this nature:[7]

The statutory standard for proof of comparable training or experience is a high one. The Congress intended to secure safe performance in the practice of physical therapy. Training or experience offered to meet the standard must establish that the applicant's competence to assist his patients without endangering their health and safety is "comparable" to that of a therapist who has graduated from an approved school of physical therapy. * * * In assessing comparability, then the Board must focus its attention on two competing rights: the right of the public to be protected from incompetent practitioners of physical therapy and the right of the applicant to continue to gain a livelihood by practicing his calling. * * * *In reviewing the merits of comparability we are bound to recog-*

*nize the expertise of the Board,* * * *. (Emphasis supplied.)

■ In petitioner's case, the record supports the Board's findings that he failed to meet either of the two criteria for qualifying without examination. Most of his practice was massage, not considered by the Board to be the practice of physical therapy,[8] and his training and experience was primarily and substantially as a masseur, not as a physical therapist treating human disabilities and injuries by supervised therapeutic procedures. His own uncontradicted testimony that he practiced physical therapy is not enough. Something more is required than his self-serving declarations.[9]

■ We cannot say that the Board's findings were unreasonable or arbitrary or that they were not supported by the evidence.

■ Petitioner's allegation that respondent was prejudiced is unsupported by the record. The earlier denial of the application is not per se prejudicial, and we find no evidence of the respondent's predetermining the issues involved or that the hearing was conducted in a manner other than fair and impartial.[10]

Affirmed.

5. Schramm v. Physical Therapists Examining Board, D.C.App., 219 A.2d 846, 847 (1966), aff'd mem., D.C.Cir., 394 F.2d 972 (decided June 16, 1967), cert. denied, 390 U.S. 987, 88 S.Ct. 1181, 20 L.Ed.2d —— (1968); and Hlebanja v. Physical Therapists Examining Board, D.C.App., 219 A. 2d 848, 850 (1966), aff'd mem., D.C.Cir., 394 F.2d 972 (decided June 16, 1967), cert. denied, 390 U.S. 987, 88 S.Ct. 1181, 20 L.Ed.2d —— (1968).

6. "The term 'physical therapist' means a person who practices physical therapy under the prescription, supervision, and direction of a person licensed to practice under the Healing Arts Practice Act of the District of Columbia, * * *" D.C.Code 1961 (Supp. V), § 2–451(d).

7. Hicks v. Physical Therapists Examining Board, D.C.App., 221 A.2d 712, 714–715

(1966), aff'd mem., D.C.Cir., 394 F.2d 972 (decided June 16, 1967), cert. denied, 390 U.S. 987, 88 S.Ct. 1181, 20 L.Ed.2d —— (1968) (footnotes omitted).

8. "The term 'physical therapy' means the treatment of human disability, injury, or disease by supervised therapeutic procedures embracing the specific scientific application of physical measures to secure the functional rehabilitation of the human body." D.C.Code 1961 (Supp. V), § 2–451(c); see Olsen v. District of Columbia Physical Therapists Examining Board, D.C.App., 227 A.2d 392 (1967).

9. Schramm v. Physical Therapists Examining Board, supra note 5, 219 A.2d at 848.

10. Id.