**John F. HANSEN, Petitioner,**

v.

**Melba T. THALLEY, Director, Physical Therapists Examining Board of the District of Columbia, Respondent.**

**No. 5657.**

District of Columbia Court of Appeals.

Argued June 23, 1971.

Decided July 14, 1971.

Nicholas A. Addams, Washington, D. C., for petitioner.

Ted D. Kuemmerling, Asst. Corp. Counsel, with whom C. Francis Murphy, Corp. Counsel, and Richard W. Barton, Asst. Corp. Counsel, were on the brief, for respondent.

Before FICKLING, KERN and REILLY, Associate Judges.

KERN, Associate Judge:

This is an unique licensing case. Petitioner has heretofore been licensed without examination, to practice physical therapy in the District of Columbia, but nevertheless he seeks now to take the written examination presently required of all applicants who would like to be licensed to practice physical therapy here.[1] The applicable statutory provision, D.C.Code 1967, § 2–459, is that to be eligible for examination an applicant must be of certain minimum age, of good moral character, in good physical and mental health and "a graduate of an approved school of physical therapy listed in the register of approved schools; or possess comparable educational qualifications as determined by the Commissioners." The District of Columbia Physical Therapists Board [the Board] concedes petitioner meets the first three requirements but refuses to give him the examination because he is not a graduate of an ap-

1. The so-called grandfather's clause of the Act, D.C.Code 1967, § 2–451 et seq., grants licensure without examination to certain individuals already in practice with substantial years of prior experience in physiotherapy. See Hansen v. Physical Therapists Examining Board, D.C.App., 228 A.2d 497 (1967). Petitioner desires to be examined for reasons of personal pride and business advancement.

proved school of physical therapy. Thus, we are faced with the curious situation of a licensed practitioner petitioning to have his knowledge, ethics and techniques tested[2] and the Board created by Congress to conduct such tests refusing to do so.

■ The Board relentlessly hews to the line of argument that since petitioner did not graduate from an approved school he is unqualified even to take the examination.[3] The Board's argument fails on two counts. In the first place the Board's position is scarcely consistent with the purpose of the Act which is to protect the public from incompetent practitioners. Culler v. Physical Therapists Examining Board, D.C.App., 228 A.2d 495, 496 (1967). Surely, when one who has not heretofore had his professional competence formally examined presents himself for such examination the Board does not carry out its statutory function by turning him away, especially since the giving of the examination is a routine part of the Board's business. *See* D.C.Code 1967, § 2-459(d).

Second, the Board up to now has failed to determine and state just what are educational qualifications "comparable" to graduation from an approved school of physical therapy, although Congress has expressly directed it to do so. We do not see how the Board, consistent with due process, can on the one hand declare that petitioner's educational qualifications are absolutely deficient but on the other hand refuse to say what educational qualifications are comparable to graduation from an approved school. We note that this court concluded in a prior case between these parties that petitioner "had the comparable training or experience of an approved school graduate." Hansen v. Physical Therapists Examining Board, D.C. App., 228 A.2d 497, 498 (1967).

■ The Board at oral argument suggested another reason for refusing to examine petitioner: The possibility that if he should fail the examination he would still hold a license to practice in the District of Columbia. It seems to us unwarranted to deny petitioner, who appears to be a rugged individualist as well as physiotherapist, the opportunity to take an examination because he might fail. If that day does come when the Board must face the dilemma it now hypothesizes we are reasonably confident that it can meet its responsibility and take proper action to notify and protect the public.

Reversed and remanded with directions to grant petitioner the examination requested.

2. D.C.Code 1967, § 2-459(d) provides in pertinent part that:
   The examination shall embrace such coverage of the following subjects to determine the applicant's qualification: The applied sciences of anatomy, neuro-anatomy, kinesiology, physiology, pathology, physics; "physical therapy" as defined in this subchapter, applied to medicine, neurology, orthopedics, pediatrics, psychiatry, surgery; medical ethics; technical procedures in the practice of "physical therapy" as defined in this subchapter.

3. The Board seeks to analogize between the requirement that an applicant for admission to the bar must be a graduate of an approved law school first before taking the examination and the requirement of graduation from an approved school of physical therapy for an applicant for licensure as a physiotherapist. However, the emphasis on techniques of practice would appear to be greater at schools of physical therapy than law schools. *See* D.C.Code 1967, §§ 2-459 and 451(c).