## CIRCUIT COURT OF THE CITY OF RICHMOND

John F. Hansen

v.

Virginia State
Board of Medicine

May 24, 1974

Case No. B-3013

### By JUDGE A. CHRISTIAN COMPTON

Enclosed you will find a copy of the order entered today which affirms the decision of the Virginia State Board of Medicine (Board) in this case.

This proceeding is to review, pursuant to Code Section 9-6.13, the action of the Board in denying the appellant's application for licensure as a physical therapist in this State, such denial being entered on December 21, 1973, after a formal hearing held on December 2, 1973. This appeal was heard on the record transmitted by the Board and on other evidence admitted by the court which includes an affidavit offered by the appellant (plaintiff's exhibit 12) and the By-laws of the Board (defendant's exhibit 1).

The documents received with Mr. Penn's letter of May 15, 1974, have been placed in the file and marked defendant's exhibit 2. This exhibit does not seem particularly relevant now because, first, it contains copies of By-laws of the Board's Advisory Committee on Physical Therapy and, second, the parties agreed at the hearing before the court that the relevant Board By-laws (defen-

dant's exhibit 1) were in force during the times pertinent to the consideration of this application.

Since the copy of the Board's opinion and order is loose and unmarked in the file, it has been marked defendant's exhibit 3. The additions to the record received by the Clerk of this Court with Mr. Penn's letter of March 27, 1974, have been marked as one exhibit, defendant's exhibit 4.

The scope of judicial review herein is established in Code § 9-6.13(g) which provides:

> The court may affirm the decision of the agency or remand the case for further proceedings; or it may reverse or modify the decision if the substantial rights of the appellant have been prejudiced because the findings, conclusions or decisions are (1) in violation of constitutional provisions; or (2) in excess of statutory authority or jurisdiction of the agency; or (3) made upon unlawful procedure; or (4) affected by other error of law; or (5) unsupported by the evidence on the record considered as a whole; or (6) arbitrary, capricious, or an abuse of discretion.

This is but a codification of the settled rule that upon judicial review the determination of an administrative body is presumed to be valid. 1A M.J. *Administrative Law*, sect. 18, p. 214.

The appellant contends that the Board's decision should be reversed because it is in excess of the agency's statutory authority and its decision is arbitrary, capricious and an abuse of discretion. The appellant did not pursue his constitutional argument contained in his written brief at the court hearing.

Briefly stated, the facts are that the appellant is a licensed physical therapist in the District of Columbia having been admitted to practice there on April 7, 1967, without examination under the "grandfather clause" of the applicable District of Columbia law after having litigated the matter. *Hansen* v. *Physical Therapists Examining Board*, 228 A.2d 497 (D.C. Ct. of App. 1967). On November 17, 1971, the appellant became licensed again as a physical

therapist in the District of Columbia by examination after the D. C. Board had been ordered to permit him to take the examination. *Hansen* v. *Thalley*, 279 A.2d 499 (D.C. Ct. of App. 1971).

The appellant states that he took the D. C. examination because he was advised that he would have to be licensed by examination in D. C. to obtain licensure by reciprocity in Virginia.

Thereafter in 1971 he filed this application for reciprocity licensure in Virginia pursuant to Code Section 54-310 (1973 Cum. Supp.).

There are several methods to obtain a license in Virginia as a physical therapist. The applicant may take the Virginia examination if he meets the requirements of Code § 54-308.5 which provides, *inter alia*, in subsection (3) thereof that the applicant must be a graduate of a school of physical therapy as specified therein. This appellant is not a graduate of such a school. He does not seek licensure pursuant to this procedure.

An applicant may become licensed by reciprocity pursuant to the provisions of Code § 54-310 which provides as follows:

> The Board may, in its discretion, arrange for reciprocity with the authorities of the District of Columbia and other states and territories having requirements equal to those established by this chapter, and issue certificates to applicants who have met such requirements.

An applicant may also become licensed in Virginia by "endorsement," which is a form of reciprocity, pursuant to the provisions of the second sentence of Code § 54-310 which provides as follows:

> The Board may, in its discretion, issue certificates to applicants upon endorsement by boards or other appropriate authorities of other states or territories or the District of Columbia with which reciprocal relations have not been established and to applicants holding certificates from the National Board of Medical Examiners and to applicants who have passed the examination

compiled by the Federation of State Boards of Medical Examiners known as the FLEX examination, given by the board or other appropriate authority of another state or territory or the District of Columbia; provided the credentials of such applicants are satisfactory and the examinations and passing grades required by such other boards are satisfactory and the examinations and passing grades required by such other boards are fully equal to those required by the Virginia Board.

As stated, this appellant proceeds under the foregoing provisions of § 54-310.

The first issue is whether Virginia has established reciprocal relations with the District of Columbia so that the appellant may be licensed by "pure" reciprocity as aforesaid. The court concludes that the Board was fully justified in finding that such reciprocity has not been proven. Indeed, the evidence shows positively that no reciprocal agreement is now in force with the District of Columbia nor has there been such an agreement in the past at times pertinent to this application. See exhibit 4 of the December 2, 1973, hearing; transcript, p. 26; and the second and third pages of Board's opinion and order.

The appellant relies on exhibit 2 to establish that such agreement existed in 1971 and years following. This is a letter written in 1963 by the then Virginia Board secretary to the Executive Secretary of the Physical Therapists Advisory Committee of the D. C. Department of Occupations and Professions. This is not a reciprocal agreement and is no more than an explanation of how the Virginia reciprocity procedure functions.

Furthermore, even if it be assumed that such letter purported to be a statement of a reciprocal agreement, such agreement could not lawfully exist during the times pertinent to this inquiry, that is, from 1971 to 1973, because the requirements of the District of Columbia were not "equal to those established" by Virginia for licensure of physical therapists. Present subsection (e) of § 54-308.5 has been in effect in this form since at least 1967. See Code § 54-308.5 (1967 Repl. Vol.); Acts of 1960, c. 334, p. 398. The D. C. Statute merely requires, *inter alia*,

that the applicant for its examination be a graduate of an approved school of physical therapy "or possess comparable educational qualifications as determined by the Commissioners." 279 A.2d at 499. Virginia does not now allow nor did she allow on November 17, 1971, (the date the applicant took the D. C. examination) an applicant to be examined unless he is a graduate of an approved school of physical therapy. Possessing "comparable" educational qualifications will not suffice in Virginia. Therefore, even if the Board had attempted to enter into an agreement for reciprocity with the District of Columbia, it would have been an *ultra vires* act because the D. C. requirements are not "equal" to Virginia's but are more liberal and broader. "Equal" in the context of this statute means "of the same quantity . . . value . . . degree" and "uniform in effect or operation," (Webster's New Twentieth Century Dictionary, Unabridged, Second Edition) and such statute must be construed according to its plain meaning. "Equal" does not here mean "substantially equal," as the appellant argues.

The appellant also urges that even though no reciprocal agreement is in existence, nevertheless, his application should be approved under the "endorsement" method provided in the second sentence of 54-310. The appellant has been recommended by the Physical Therapy Board of Washington, D.C., to the Virginia Board. See, the third page from the end of defendant's exhibit 4. The Board bases its rejection of the application by endorsement upon Article IX, Section 9, of its By-laws which provides:

> Physical Therapists in good standing who have been licensed in another State or the District of Columbia may, at the discretion of the Board and the Physical Therapy Advisory Committee, be accepted for endorsement licensure in Virginia. A candidate for such endorsement licensure must have been eligible to have taken the Virginia examination at the time he took the examination through which he seeks endorsement.

(page 6 of defendant's exhibit 1). It argues that since the applicant, as heretofore stated, was not a graduate of an approved school of physical therapy at the time

he took the D. C. examination and hence was not at that time eligible to take the Virginia examination, he may not be properly licensed by endorsement.

The applicant argues that because of his education and experience, he has the equivalent qualifications of a graduate of an approved school. He says that to make the statutory requirement of § 54-308.5(e) for Virginia examination applicable to licensure by endorsement under Section 54-310 by means of an administrative by-law is beyond the authority of the Board and constitutes an abuse of discretion. The court does not agree.

The Board may adopt rules and regulations not inconsistent with existing law as may be necessary to carry into effect its statutory duties. Code § 54-291 (1973 Cum. Supp.). See also 1A M.J. *Administrative Law*, § 5. This the Board has done. As the Attorney General argues, unless the Board requires applicants under § 54-310 to meet the same [no more and no less] standards as those who seek licensure by examination under § 54-308.5, it would be guilty of unequal treatment of those seeking licensure by examination on the one hand and those seeking licensure by reciprocity (endorsement) on the other. § 54-310 cannot be applied so as to open up Virginia licensure by reciprocity to those less qualified than persons receiving their license by examination. The statute gives broad reasonable discretion to the Board to require others to have the same qualifications as Virginia applicants. The legislature has set the standard and the Board may not dilute the quality of the licensees by allowing a foreign applicant not a graduate of an approved school of physical therapy to be licensed by reciprocity when Virginia applicants must be a graduate of such approved school.

For the reasons stated, the decision of the Board is affirmed.